UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 91-4526
_____

DAVID E. HEASLEY AND KATHLEEN HEASLEY,

Petitioners-Appellants,
Cross-Appellees,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee,
Cross-Appellant.

_____

Appeal from A Decision of the United States Tax Court
_____
(July 20, 1992)

Before BRIGHT,[1] JOLLY, and BARKSDALE, Circuit Judges.

BRIGHT, Senior Circuit Judge:

David and Kathleen Heasley (The Heasleys) appeal from the decision of the Tax Court denying a portion of their request for attorneys' fees and litigation costs under 26 U.S.C. § 7430 (1988). The Heasleys incurred the sought-after fees and costs during prior litigation before the Tax Court and on appeal to this court. The Internal Revenue Service cross-appeals, challenging the Heasleys' entitlement to any fee award and disputing the manner in which the

_____

[1]    Senior Circuit Judge of the Eighth Circuit, sitting by designation.

Tax Court calculated the award. We affirm in part, reverse in part and remand in part.

## I. BACKGROUND

The facts that led to the underlying litigation have been set forth in an earlier decision by this court. Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990) [Heasley I]. We elaborate only as necessary to frame our analysis of the issues raised on this appeal.

Prompted by Gaylen Danner, who purported to be a financial and securities dealer, the Heasleys invested in an energy conservation plan in December 1983. Under the plan, which was sponsored by the O.E.C. Leasing Corporation [O.E.C.], the Heasleys leased two energy savings units from O.E.C. at a yearly cost of $5,000 per unit. O.E.C. ascribed a value of $100,000 to each unit.

Neither Heasley graduated from high school. Both had limited investment experience. As a return on their investment, the Heasleys thought they would receive a percentage of the energy savings yielded by the end users of the units. Although Danner discussed the investment's tax advantages, the Heasleys viewed the O.E.C. leasing plan as a source of future income.[2]

At Danner's suggestion, the Heasleys employed Gene Smith, a C.P.A., to prepare their 1983 tax return. Smith claimed a $10,000 deduction on the advance rent of the units and a $20,000 investment tax credit, which he carried back to 1980 and 1981. After

---

[2] For a more detailed description of the plan, see the Tax Court's memorandum opinion, Heasley v. Commissioner, 55 T.C.M. (CCH) 1748 (1988), and Soriano v. I.R.S., 90 T.C. 44 (1988).

-2-

investing $14,161 in the O.E.C. plan, the Heasleys received in excess of $23,000 in refunds from the Internal Revenue Service [IRS] for the three years. The O.E.C. investment never generated any income. The Heasleys lost all the money they invested with Danner, over $25,000.

After sending the Heasleys a prefiling notification letter in 1986, the IRS totally disallowed the $10,000 deduction and $20,000 investment tax credit. The Heasleys became liable for the $23,000 deficiency, plus interest. The IRS also assessed $7,419.75 in penalties: a $1,153.05 negligence penalty under I.R.C. § 6653(a)(1) (1988); a $5,940.90 valuation overstatement penalty under I.R.C. § 6659 (1988); a $325.80 substantial understatement penalty under I.R.C. § 6661 (1988) and an additional interest penalty on the disallowed investment tax credit under I.R.C. § 6621 (1988).

After exhausting their administrative remedies, the Heasleys sued the IRS. They conceded their liability for the deficiency and only challenged the assessment of the penalties and additional interest. The Tax Court upheld the assessment of the penalties and interest. Heasley v. Commissioner, 55 T.C.M. (CCH) 1748 (1988). A panel of this court reversed the Tax Court on July 20, 1990. Heasley I, 902 F.2d at 382-86. The Tax Court revised its decision accordingly on October 26, 1990.

On November 19, 1990, the Heasleys moved for an award of $40,221.86 in attorneys' fees and litigation costs under I.R.C. § 7430 (1988), which permits a "prevailing party" in a tax proceeding against the IRS to recover reasonable litigation costs.

The Heasleys' attorney, John D. Copeland, submitted a supporting affidavit.  Copeland did not submit billing records with the motion for litigation costs.

The Tax Court held that the Heasleys were entitled to reasonable litigation costs for the section 6661 substantial understatement penalty only.  Heasley v. Commissioner, 61 T.C.M. (CCH) 2503 (1991).  This was the sole instance in which they demonstrated that the position of the IRS was "not substantially justified."  I.R.C. § 7430(c)(4)(A)(i).  The Tax Court awarded $198.99 in costs, or one-fourth of the requested award of $795.94. The Tax Court disallowed the Heasleys' request for reimbursement in excess of the statutory rate of $75.00 per hour.  See id. § 7430(c)(1)(B)(iii).  In addition, the Tax Court determined that the statutory reimbursement rate, indexed to account for an increase in the cost-of-living, was $91.43 per hour.

The Tax Court noted that the Heasleys failed to provide a breakdown of specific hours and hourly rates as provided by Tax Court Rule 231(d).[3]  The Tax Court also observed that after the IRS disagreed with the reasonableness of the fee request, the Heasleys failed to submit a more detailed affidavit, as required by Tax Court Rule 232(d).  Consequently, the Tax Court divided the total

---

[3]     Rule 231(d) provides, in relevant part:

> A motion for an award of reasonable litigation costs
> shall be accompanied by a detailed affidavit by the
> moving party or counsel for the moving party which sets
> forth distinctly the nature and amount of each item of
> costs paid or incurred for which an award is claimed.

Tax Ct. R. 231(d).

-4-

fee award claimed by the Heasleys ($39,425.92) by Copeland's hourly rate ($200) and yielded a figure of 197 hours. After dividing this number by four and yielding a figure of forty-nine hours, the Tax Court determined that the total award for attorneys' fees was $4,480.07.

The Heasleys filed a motion for reconsideration with a supplemental affidavit that broke down their request for fees by attorney, hourly rate and the number of hours worked by each attorney. The Tax Court denied the motion. This appeal and the Government's cross-appeal followed.

## II. DISCUSSION

### A. Substantial Justification

The Heasleys argue that they are entitled to an award of fees and costs incurred in litigating the three remaining penalties. The Heasleys assert that they established that the position of the IRS with respect to each penalty was "not substantially justified." I.R.C. § 7430(c)(4)(A)(i). We agree only in part.

In order to recover an award of attorneys' fees from the Government, a tax litigant must qualify as a "prevailing party" under section 7430(c)(4)(A).[4] First, the litigant must "establis[h] that the position of the United States . . . was not substantially justified." Id. Second, the taxpayer must also "substantially prevail[]" with respect to either "the amount in

_____

[4]  See, e.g., Sher v. Commissioner, 861 F.2d 131, 133 (5th Cir. 1988); Smith v. United States, 850 F.2d 242, 245 (5th Cir. 1988); Huckaby v. Department of the Treasury, 804 F.2d 297, 298 (5th Cir. 1986) (per curiam).

controversy" or "the most significant issue or set of issues presented." Id. § 7430(c)(4)(A)(ii).

A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting similar language in 28 U.S.C. § 2412(d), the Equal Access to Justice Act). The Government's failure to prevail in the underlying litigation does not require a determination that the position of the IRS was unreasonable, but it clearly remains a factor for our consideration. Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991). Nor does a trial court ruling in the government's favor preclude a finding of unreasonableness, although this acts as a similarly important consideration. Huckaby v. Department of the Treasury, 804 F.2d 297, 299 (5th Cir. 1986) (per curiam). We review the Tax Court's determination on the issue of substantial justification for abuse of discretion. Pierce, 487 U.S. at 557-63 (requires abuse of discretion review for analogous EAJA provision); Cassuto v. Commissioner, 936 F.2d 736, 740 (2d Cir. 1991) (citing Pierce, 487 U.S. at 557-63).

### 1. Negligence Penalty

As this court explained in Heasley I, the IRS may penalize taxpayers for any underpayment due to negligence or disregard of the rules and regulations. Heasley I, 902 F.2d at 383 (citing I.R.C. § 6653(a)(1)). "Negligence" includes any failure to make a reasonable attempt to comply with the Tax Code, including the failure to do what a reasonable person would do under similar

-6-

circumstances.  Id. (citations omitted); I.R.C. § 6653(a)(3).
"Disregard" includes any careless, reckless or intentional
disregard.  Heasley I, 902 F.2d at 383 (citing section 6653(a)(3)).
Due care does not require moderate income investors, like the
Heasleys, to investigate independently their investments; they may
rely upon the expertise of their financial advisors and
accountants.  Id.

The Heasleys assert that they made reasonable efforts to
comply with the Tax Code and the Government unreasonably asserted
the negligence penalty.  We agree.  The Heasleys demonstrated that
they are moderate income investors with a limited education and
minimal investment experience.  They relied on the expertise of
their financial advisor, whom they believed to be knowledgeable and
trustworthy.  Although the Heasleys had always prepared their own
tax returns in the past, they hired a C.P.A. to handle the more
complicated tax matters created by their ill-fated investment.  The
Heasleys also monitored their investment.  Heasley I, 902 F.2d at
384.

Under these circumstances, we cannot say that a reasonable
person would have been satisfied with the IRS's position on the
negligence penalty.  See Pierce, 487 U.S. at 565.  The Heasleys
thus demonstrated that the position of the IRS with respect to the
negligence penalty was "not substantially justified."  I.R.C.
§ 7430(c)(4)(A).  Accordingly, the Tax Court's holding to the
contrary was abuse of discretion and we reverse.

## 2. Valuation Overstatement Penalty

The IRS may impose a valuation overstatement penalty for any underpayment "attributable to a valuation overstatement."  I.R.C. § 6659(a)(2).  A "valuation overstatement" occurs when a taxpayer overstates the value of property on a tax return by 150% or more. Id. § 6659(c).  The IRS may waive any or all of the penalty when a taxpayer shows good faith and a reasonable basis for claiming the overvaluation.  Id. § 6659(e).

The Heasleys overvalued the energy conservation units, which were actually worth $5,000, by $95,000.  The Tax Court upheld the penalty.  We reversed on the ground that the overvaluation was not attributable to a valuation overstatement, but rather to an improperly claimed deduction or credit.  Heasley I, 902 F.2d at 383 (citing Todd v. Commissioner, 862 F.2d 540, 542-43 (5th Cir. 1988)).

At the fee dispute phase, the Tax Court held that the IRS was substantially justified in seeking the valuation overstatement penalty.  The Tax Court refused to award the Heasleys fees and costs incurred in challenging this penalty.  The Tax Court reasoned that the IRS asserted the penalty before the decision in Todd, when the issue was in flux and litigants reasonably could have argued either position.

The Heasleys do not now contest the determination that they overstated the value of the energy conservation units.  They contend that they had a reasonable basis for the valuation and made the claim in good faith.  See I.R.C. § 6659(e).  They also assert

-8-

that the IRS abused its discretion by failing to waive the valuation overstatement penalty.

The Heasleys have not shown, however, that the position of the IRS with respect to this penalty was "not substantially justified." We are persuaded, as was the Tax Court, that before Todd this issue was unresolved in our Circuit.  See 862 F.2d at 541-45.  The IRS simply argued for one of two plausible interpretations of the statute.  See Huckaby, 804 F.2d at 299.  Accordingly, the IRS reasonably asserted the section 6659 valuation overstatement penalty against the Heasleys.  We affirm.

### 3.  Additional Interest Penalty

The IRS may impose a penalty for any substantial underpayment attributable to a tax motivated transaction.  I.R.C. § 6621(c)(1); Heasley I, 902 F.2d at 385.  A "tax motivated" transaction includes a valuation overstatement.  Heasley I, 902 F.2d at 385 (citing I.R.C. § 6659(c) (overstatement of property value by 150%)).  In addition, the IRS may specify other types of transactions which may be treated as "tax motivated."  Id. (citing section 6621(c)(3)(B)).

The Tax Court originally held that the Heasleys' investment in O.E.C. leasing was tax motivated because they had not engaged in the transaction for profit.  Id. at 385-86 (citation omitted). This court reversed, concluding that the Heasleys displayed the requisite profit motive and the IRS should have considered their intent to earn future income.  Id. at 386.  At the fee dispute phase, the Tax Court held that the IRS's position on the additional

interest penalty was substantially justified because the evidence supported the absence of a profit motive.

The Heasleys now maintain, under the authority of Heasley I, that the IRS was not substantially justified in pressing for the section 6621 additional interest penalty. We disagree. The additional interest penalty is necessarily bound up with the valuation overstatement penalty. See I.R.C. § 6621(c)(3)(A)(i) ("'tax motivated transaction' means . . . any valuation overstatement (within the meaning of section 6659(c))"). We have already held that the IRS reasonably asserted the valuation overstatement penalty. It would be inconsistent to hold that the IRS did not reasonably assert the section 6621(c) additional interest penalty, which draws its definition in part from the valuation overstatement penalty. Accordingly, we affirm.

B.    **Substantially Prevail Requirement**

Having determined that the Heasleys established that the IRS's position with respect to the negligence penalty was "not substantially justified," we must determine whether the Heasleys also substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues. See I.R.C. § 7430(c)(4)(A)(ii). The Tax Court held that the Heasleys, who secured a reversal of all four penalties on appeal, substantially prevailed with respect to the most significant issue or set of issues presented. We review this determination for abuse of discretion. See Cassuto, 936 F.2d at 741.

-10-

The IRS asserts that the Heasleys are not entitled to an award of reasonable litigation costs because they conceded the most important issue, their liability for the deficiency. Although the Government acknowledges that the Heasleys prevailed on the penalties, it claims these were not significant issues because they lacked collateral or future impact. According to the IRS, the only significant issue in this case was the deficiency. Br. for Appellee/Cross-Appellant at 40-43. We disagree.

In order to determine whether a taxpayer has "substantially prevailed" within the meaning of section 7430(c)(4)(A), we look to the final outcome of the case, whether by judgment or settlement. Cassuto, 936 F.2d at 741. This section "is phrased in terms of issues not claims." Huckaby, 804 F.2d at 300. Thus, a victory on the primary issue suffices. See id. But see Ralston Dev. Corp. v. United States, 937 F.2d 510, 515 (10th Cir. 1991) (taxpayer who recovers only 19% of the amount at issue in a tax case has not substantially prevailed with respect to the amount in controversy).

The Heasleys, who conceded their liability for the deficiency, only challenged the penalties. The primary issue in the underlying litigation, therefore, was their liability for over $7,000 in penalties and additional interest. After appeal to this court, the Heasleys secured the reversal of all four penalties. As in Huckaby, the final outcome of the case, reversal of the penalties, represented their complete vindication on the most significant issue. Unlike the taxpayers in Ralston, the Heasleys here did not accomplish only a proportionally slight vindication. The Heasleys

-11-

"substantially prevailed" with respect to the most significant issue within the meaning of section 7430(c)(4)(A)(ii). Finding no abuse of discretion, we affirm.

The Heasleys, who established that the position of the IRS was "not substantially justified" with respect to the negligence and substantial understatement penalties, meet the requirements of the first level of "prevailing party" analysis. I.R.C. § 7430(c)(4)(A)(i). Because they "substantially prevailed" with respect to the penalties, the most significant issue or set of issues presented, they also withstand scrutiny under the second tier of section 7430(c)(4)(A) analysis. Id. § 7430(c)(4)(A)(ii). Accordingly, the Heasleys qualify as a "prevailing party" with respect to the substantial understatement and negligence penalties. They are entitled to an award of the reasonable litigation costs incurred in connection with challenging these two penalties.[5]

The remaining issues relate to the amount of the attorneys' fee award.

---

[5] The IRS does not challenge on this appeal the Tax Court's finding that no substantial justification supported the section 6661 substantial understatement penalty. Rather, the IRS argues that the Heasleys are not entitled to an award of fees and costs because they did not substantially prevail with respect to the amount in controversy or the most significant issue or set of issues. I.R.C. § 7430(c)(4)(A)(ii). Because we hold that the Heasleys substantially prevailed with respect to the most significant issue or set of issues, we reject the IRS's arguments to the contrary. We also affirm the Tax Court's findings that the position of the IRS with respect to the section 6661 substantial understatement penalty was "not substantially justified." Id. § 7430(c)(4)(A)(i). We necessarily hold that the Heasleys are a "prevailing party" with respect to the substantial understatement penalty. Id. § 7430(c)(4)(A).

-12-

## C. Documentation

The IRS asserts that the Heasleys failed to document adequately their request for attorneys' fees. According to the IRS, the taxpayers should have provided contemporaneous billing records and a breakdown of the tasks performed by particular attorneys. See Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990). The IRS asks us to remand with instructions to limit the fee award to the number of hours that the Heasleys' attorneys spent before the Tax Court.

We apply an abuse of discretion standard of review to the decision to grant attorneys' fees to a prevailing party. Cassuto, 936 F.2d at 740 (citing Pierce, 487 U.S. at 571). We review the overall amount of the award under the same standard. Id.; Bode, 919 F.2d at 1047 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). Subsidiary findings of fact are reviewed for clear error. Bode, 919 F.2d at 1047 (citation omitted).

We agree with the IRS that the Heasleys, as parties seeking reimbursement for attorneys' fees under section 7430, bore the burden of establishing the number of attorney hours expended. Id. Failure to provide contemporaneous billing records, however, does not preclude recovery so long as the Heasleys presented adequate evidence to permit the Tax Court to determine the number of reimbursable hours. Id. In addition, the Heasleys had the burden of establishing that their attorneys expended a reasonable number of hours on this case and that the hours were reasonably expended. Id. (citation omitted).

-13-

In his affidavit in support of the motion for attorneys' fees and litigation costs, John D. Copeland stated that he is a certified specialist in tax law and that he devoted a substantial number of hours to the Heasleys' case. Copeland charged clients $200.00 per hour. His associate on the case, Andrea Winters, billed at $100.00 per hour. Copeland also stated that substantially all of the attorneys' time devoted to this case was devoted to the penalty issues, which were the only issues to proceed to trial. As the IRS points out, Copeland did not submit contemporaneous billing records in support of this motion.

Unlike the IRS, however, we do not conclude that the Tax Court abused its discretion by granting an award on the basis of the evidence before it. The Tax Court had the opportunity to observe the Heasleys' attorneys at trial and assess their credibility. The Tax Court precisely set forth the means by which it arrived at an overall figure of 197 hours. The Tax Court reasonably could have determined, on the basis of the evidence in the affidavit, that 197 hours was a reasonable number and that those hours were reasonably expended. Cf. Bode, 919 F.2d at 1049 (reversed attorneys' fee award where the only evidence before the district court failed to provide a reasonable basis for its calculation).

In addition, the Tax Court clearly noted that by failing to submit a detailed affidavit which set forth the nature and amount of each item for which costs and fees were claimed, the Heasleys' attorneys failed to comply with Tax Court Rule 231(d). Nevertheless, the Tax Court proceeded to calculate a fee award on

-14-

the basis of the evidence Copeland did provide in his affidavit. We cannot say that the manner in which the Tax Court calculated the award of fees and costs constitutes abuse of its discretion to interpret its own procedural rules.[6]

Finally, the IRS relies primarily upon Bode, which is readily distinguishable. First, the taxpayers in Bode produced no documentary evidence in support of their request for attorneys' fees; they only presented vague expert testimony which did not establish the total number of hours or the hourly rate of the attorneys. 919 F.2d at 1046-47. The expert testimony gave the court no basis upon which to conclude whether the hours at issue were reasonable and reasonably expended. Id. at 1047-48.

Second, the district court in Bode awarded 600 hours at $150.00 per hour without articulating its reasons. Id. at 1046. Here, however, the Tax Court articulated both its reasons and its methodology for deriving the 197 hour figure. The Tax Court divided Copeland's hourly rate of $200.00, which was set forth in the affidavit, by the total fee award sought by the Heasleys, $39,425.92.

Accordingly, the Tax Court did not abuse its discretion by awarding attorneys' fees on the basis of the evidence before it.

---

[6]   See, e.g., Ward v. Commissioner, 907 F.2d 517, 520-21 (5th Cir. 1990) (not abuse of discretion for Tax Court to set aside default judgment under Tax Ct. R. 123); Kelley v. Commissioner, 877 F.2d 756, 761 (9th Cir. 1989) (abuse of discretion to deny taxpayers leave to amend under Tax Ct. R. 41(a)); Noli v. Commissioner, 860 F.2d 1521, 1526 (9th Cir. 1988) (not abuse of discretion to dismiss petition for failure to prosecute under Tax Ct. R. 123(b)).

Nor did it err by determining that 197 hours served as the base figure for the attorneys' fee award.

As we have already decided that the Heasleys are entitled to an award of the costs and fees incurred in challenging the negligence and substantial understatement penalties, we now hold that they are entitled to reimbursement for one-half of the hours found by the Tax Court, rather than just one-quarter. The base figure for which they are entitled to attorneys' fees, therefore, is ninety-eight hours. Under the same reasoning, the Heasleys are also entitled to an award of $397.97, one-half of the costs they claimed.

### D.    Special Factors

The Heasleys contend that the Tax Court erred by not granting them reimbursement based upon the actual hourly fee charged by their attorneys. Taxpayers who recover attorneys' fees against the United States may receive reasonable litigation costs at prevailing market rates. I.R.C. § 7430(c)(1). A maximum hourly rate of $75.00 applies unless the court determines that an increase in the cost of living or a "special factor" justifies a higher rate. Id. § 7430(c)(1)(B)(iii). The statute suggests one special factor: the limited availability of qualified attorneys for a proceeding. Id.

The Heasleys attempted to persuade the Tax Court that their attorneys were entitled to hourly fees of $100.00 to $200.00, the going rate in Dallas, Texas. The Tax Court held that the "going rate" did not qualify as a "special factor" within the meaning of section 7430. Accordingly, the Tax Court denied their request for

-16-

reimbursement in excess of the $75.00 statutory hourly fee. We review this determination for abuse of discretion. Cassuto, 936 F.2d at 740, 743.

The Heasleys now maintain that several "special factors" warrant a higher award. They point to: (1) the limited availability of qualified attorneys in Dallas who practice for $75.00 per hour; (2) the need to deter harsh administrative action; (3) the need to encourage attorneys to take on essentially pro bono cases that speak to the fair administration of the tax laws; (4) the tax expertise of their attorneys and (5) the unusual results obtained by their attorneys. Although the Heasleys have made substantial arguments in favor of a higher rate, we cannot say that the Tax Court abused its discretion by limiting the attorneys' fees to the statutory rate. See, e.g., Pierce, 487 U.S. at 572; Cassuto, 936 F.2d at 743-44; Bode, 919 F.2d at 1050-52. Accordingly, we affirm the award of attorneys' fees at the statutory rate of $75.00 per hour, plus a cost-of-living increase.

### E. Cost-of-Living Increase

Section 7430 permits a court to grant more than $75.00 per hour in attorneys' fees when an increase in the cost-of-living justifies a higher rate. I.R.C. § 7430(c)(1)(B)(iii). The Tax Court awarded an hourly fee of $91.43, with the cost-of-living adjustment calculated from October 1, 1981, the effective date of a similar cost-of-living provision in the Equal Access to Justice Act. We review this purely legal determination de novo. Cassuto, 936 F.2d at 740.

-17-

The IRS contends that the proper date from which to calculate a section 7430 cost-of-living increase is January 1, 1986, the effective date of the section 7430 COLA provision. We agree. See Cassuto, 936 F.2d at 742-43; Bode, 919 F.2d at 1053 n.8. Accordingly, we remand to the Tax Court to recalculate the cost-of-living increase from January 1, 1986.

**F.   Attorneys' Fees For This Appeal**

The Heasleys have requested attorneys' fees for the time devoted to the motion for litigation costs and this appeal. Br. for Appellants at 22. We have the power to make an award for services rendered in this court; and we elect to do so here in order to bring this long-pending dispute to a close. Leroy v. City of Houston, 906 F.2d 1068, 1086 (5th Cir. 1990) (citing Davis v. Board of Sch. Comm'rs, 526 F.2d 865, 868 (5th Cir. 1976)).

In order to award attorneys' fees for this appeal, we need only decide whether it was abuse of discretion for the Tax Court to determine that the IRS's position with respect to the underlying litigation was "not substantially justified." Bode, 919 F.2d at 1052 (citation omitted). We need not determine whether the Government's appellate position was substantially justified once this threshold decision has been made by the trial court. Id. (citing Commissioner, INS v. Jean, 110 S. Ct. 2316, 2320 (1990)). We must determine, however, whether the Heasleys are a "prevailing party" on appeal. Id.

We have already held that the Tax Court did not abuse its discretion by determining that the IRS's position with respect to

the section 6661 substantial understatement penalty was "not substantially justified." We thus proceed to the next inquiry.

The Heasleys have not prevailed on every issue raised during this appeal. They secured additional attorneys' fees with respect to the section 6653 negligence penalty, which will result in a greater overall award of attorneys' fees.[7] They did not prevail with respect to the requested "special factor" reimbursement in excess of the statutory hourly rate. In addition, the IRS prevailed on the cost-of-living increase, which will yield a lower COLA than previously awarded.

On balance, these losses are "'not of such magnitude as to deprive [them] of prevailing party status.'" Bode, 919 F.2d at 1052 (quoting Leroy, 906 F.2d at 1082 n.24). Thus, to the extent that the Heasleys prevailed on this appeal, they are entitled at least to reimbursement for appellate fees that relate to their success on appeal and in defending against the cross-appeal. See Jean, 110 S. Ct. 2321 n.10; Bode, 919 F.2d at 1052. Accordingly, we direct the Heasleys to submit to this court their application for fees incurred during these appeals, together with supporting documents, prior to the issuance of the mandate in this case. See Fed. R. App. P. 41.

---

[7] The Tax Court previously awarded the Heasleys $4,480.07 in fees, including the cost-of-living adjustment. The Heasleys are now entitled to at least $7350 in attorneys' fees, plus a cost-of-living increase.

**III. CONCLUSION**

We **AFFIRM** the Tax Court with respect to the section 6661 substantial understatement penalty, the section 6659 valuation overstatement penalty and the section 6621 additional interest penalty. We **REVERSE** with respect to the section 6653 negligence penalty and hold that the Heasleys are entitled to reasonable litigation costs because the IRS's position on this issue was not substantially justified. We **AFFIRM** the determination that the Heasleys substantially prevailed with respect to the most significant issues presented and are thereby entitled to reasonable litigation costs and fees for the negligence and substantial understatement penalties. We **AFFIRM** the Tax Court's base figure of compensable hours. We **AFFIRM** the Tax Court's denial of reimbursement at the attorneys' actual hourly rate. We **REMAND** to the Tax Court to award attorneys' fees for ninety-eight hours at $75.00 per hour, plus a cost-of-living increase calculated from January 1, 1986. The Heasleys are entitled to costs from the previous litigation in the amount of $397.97, plus an award of attorneys' fees from these appeals, to be determined by this court after submission of the necessary documentation.