**Tommy STEPHENSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 92–1165.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Sept. 12, 1994.

*MEMORANDUM OPINION*

BARNES, District Judge.

On March 17, 1994, this court entered judgment in favor of the plaintiff, Tommy Stephenson, and against the defendant, the United States of America, in the amount of $4,899.88, representing the amount of excise taxes wrongfully levied against the plaintiff. The plaintiff has filed a petition for attorney's fees and costs in this matter pursuant to 26 U.S.C. § 7430 (1988). The defendant has filed an objection to the award of attorney's fees and costs.

Section 7430 of title 26 allows a prevailing party in a tax action to recover his or her reasonable costs of litigation. A "prevailing party", in pertinent part,[1] is defined as:

> any party in any proceeding to which [§ 7430(a)] applies (other than the United States or any creditor of the taxpayer involved)—
>
> (i) which establishes that the position of the United States in the proceeding was not substantially justified....

26 U.S.C. § 7430(c)(4)(A) (1988).

The government contends that plaintiff is not a prevailing party in accordance with the statute because the government's position was substantially justified. The government states that the moving party bears the burden of establishing his or her entitlement to litigation costs, citing *Sliwa v. Com-*

---

**1.** The other requirements to be a prevailing party are not in contention.

*missioner,* 839 F.2d 602, 609 (9th Cir.1988), and *Smith v. United States,* 850 F.2d 242, 245 (5th Cir.1988). *See also Heasley v. Commissioner,* 967 F.2d 116 (5th Cir.1992). However, the Eighth Circuit Court of Appeals has held that the burden lies with the government to demonstrate that its position was substantially justified, "that is, that the [Internal Revenue Service] must demonstrate its position was 'justified to a degree that could satisfy a reasonable person.'" *Miller v. Alamo,* 983 F.2d 856, 859 (8th Cir.1993) (citing *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The government's position may be substantially justified even if it is ultimately rejected by the court. *Wilfong v. United States,* 991 F.2d 359 (7th Cir.1993); *Heasley v. Commissioner,* 967 F.2d 116 (5th Cir.1992).

The plaintiff worked in a gambling establishment accepting wagers on behalf of the proprietor.[2] The government levied excise taxes against the plaintiff as if he were the owner of the establishment. The government apparently conceded that the plaintiff was not the owner of the gambling establishment, but argued plaintiff remained liable for the excise taxes, interest, and penalties because plaintiff failed to properly register with the Internal Revenue Service pursuant to Internal Revenue Code § 4401(c) and § 4412. These sections provide the following:

> **(c) Persons liable for tax.**—Each person who is engaged in the business of accepting wagers shall be liable for and shall pay the tax under this subchapter on all wagers placed with him. Each person who conducts any wagering pool or lottery shall be liable for and shall pay the tax under this subchapter on all wagers placed in such pool or lottery. Any person required to register under section 4412 who receives wagers for or on behalf of another person without having registered under section 4412 the name and place of residence of such other person shall be liable for and shall pay the tax under this subchapter on all such wagers received by him.

26 U.S.C. § 4401(c).

> **(a) Requirement.**—

> Each person required to pay a special tax under this subchapter shall register with the official in charge of the internal revenue district—
>
> (1) his name and place of residence;
>
> (2) if he is liable for tax under subchapter A, each place of business where the activity which makes him so liable is carried on, and the name and place of residence of each person who is engaged in receiving wagers for him or on his behalf; and
>
> (3) if he is engaged in receiving wagers for or on behalf of any person liable for tax under subchapter A, the name and place of residence of each such person.
>
> **(b) Firm or company.**—Where subsection (a) requires the name and place of residence of a firm or company to be registered, the names and places of residence of the several persons constituting the firm or company shall be registered.

26 U.S.C. § 4412(a), (b).

The plaintiff completed and mailed to the Internal Revenue Service district director a Form 11–C which failed to state whether plaintiff was a principal of the organization or merely an employee. The plaintiff also neglected to name the address of the gambling establishment. Since the plaintiff failed to correctly complete his Form 11–C, he became liable for the excise taxes under 26 U.S.C. § 4401(c) and 26 U.S.C. § 4412. The court rejected a strict construction of 26 U.S.C. § 4401(c) and § 4412, however, after the litigation made clear that the plaintiff was merely an employee of the gambling operation.

As previously stated, the government's failure to prevail in the underlying litigation does not require a determination that its position was unreasonable. *Zinniel v. Commissioner,* 883 F.2d 1350, 1356 (7th Cir. 1989). *See also Wilfong v. United States,* 991 F.2d 359, 367 (7th Cir.1993); *Estate of Johnson v. Commissioner,* 985 F.2d 1315, 1318 (5th Cir.1993); *Bowles v. United States,* 947 F.2d 91, 94 (4th Cir.1991); *Phillips v. Commissioner,* 851 F.2d 1492, 1499 (D.C.Cir. 1988). The court finds that the position of the government was reasonable and substan-

---

**2.** The facts of this case are more specifically stated in the memorandum opinion entered

March 17, 1994. *See Stephenson v. United States,* No. 92–1165, slip op. (W.D.Ark. Mar. 17, 1994).

tially justified. Based solely upon the Form 11–C, the plaintiff was technically liable for the excise taxes by failing to name the principal and the address of the gambling operation. The fact the court refused to follow the strict construction of the Internal Revenue Code does not imply that the government's position was unreasonable. The government should not be punished for maintaining a tenable argument.

The government's position in this matter was substantially justified under 26 U.S.C. § 7430(c)(4)(A) (1988), and therefore, the plaintiff is not a prevailing party under the meaning of the statute entitled to attorney's fees and costs. The plaintiff's petition for attorney's fees and costs is hereby denied.