ROGER B. FAIR AND GAIL K. FAIR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fair v. Commissioner
Docket No. 9400-91
United States Tax Court
T.C. Memo 1994-602; 1994 Tax Ct. Memo LEXIS 607; 68 T.C.M. (CCH) 1371; December 8, 1994, Filed *607 An appropriate order will be issued and decision will be entered under Rule 155. For petitioners: Robert J. Alter and Richard J. Sapinski. For respondent: William F. Halley. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: This matter is before the Court on petitioners' motion for litigation costs under section 7430 and Rule 231. After concessions, the issues we must decide are whether respondent's positions relating to: (a) Valuation of property contributed by petitioners to a charitable organization, and (b) petitioners' claim that they substantially complied with section 1.170A-13(b)(3), Income Tax Regs., were substantially justified. We hold that they were. The parties have submitted affidavits and memoranda supporting their positions. We decide the motion based on petitioners' motion, respondent's objection, and affidavits provided by both parties. There are no significant conflicts of fact presented by the affidavits of each party. Neither party requested a hearing, and we conclude that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(3). References to petitioner are to Roger Fair. Section references *608 are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Background
1. Petitioners and the Underlying Tax Case
Petitioners were married and lived in New Jersey when they filed their petition. By notice of deficiency dated April 12, 1991, respondent determined deficiencies in petitioners' Federal income tax of $ 37,900 for 1984, $ 38,003 for 1985, $ 33,007 for 1986, and $ 13,019 for 1987. Respondent also determined additions to tax totaling $ 11,370 for 1984, $ 11,401 for 1985, $ 9,923 for 1986, and $ 3,906 for 1987. The two primary issues in the underlying case, Fair v. Commissioner, Oral Opinion dated July 2, 1992, and T.C. Memo. 1993-377, were: (1) The fair market value of a 45-foot fly bridge trawler (My Fair Lady II) contributed by petitioners to a charitable organization in 1984 (the valuation issue); and (2) whether petitioners complied with section 1.170A-13(b)(3), Income Tax Regs., and were entitled to a charitable deduction for the bargain sale of My Fair Lady II in 1984 (the charitable contribution issue). Respondent disallowed petitioners' *609 charitable contributions deduction and carryforwards because petitioners failed to establish the fair market value of the boat at the time of donation, and they did not comply with the substantiation requirements of section 1.170A-13(b)(3), Income Tax Regs.
At trial, respondent's position was that, on July 12, 1984 (the date of the bargain sale), the fair market value of My Fair Lady II was $ 73,000. Also, respondent contended that petitioners did not meet the substantiation requirements of section 1.170A-13(b)(3), Income Tax Regs., because they did not maintain written records of their cost basis in the trawler. We held that the fair market value of My Fair Lady II was $ 160,000 and that petitioners were entitled to a charitable deduction for the trawler because they substantially complied with section 1.170A-13(b)(3), Income Tax Regs.
2. Petitioners' 1984-87 Federal Income Tax Returns
Petitioners timely filed their 1984, 1985, 1986, and 1987 income tax returns. Petitioners claimed a $ 169,000 charitable deduction ($ 194,000 fair market value minus $ 25,000 received from the bargain sale) on their 1984 return for their donation of My Fair Lady II to Associated *610 Marine Institutes, Inc. (AMI), of Tampa, Florida. Petitioners carried part of the deduction to their 1985, 1986, and 1987 returns because the deduction exceeded the limitation of section 170(b)(1)(B). Petitioners' 1984 and 1985 individual and business returns were prepared by a certified public accountant. Petitioner relied on his accountant's advice in determining what information to include with petitioners' 1984 return regarding the contribution of My Fair Lady II. Petitioner did not keep some records because no one ever told him that he needed to include with his return or maintain information about the cost basis of My Fair Lady II to obtain a charitable deduction for contributing to AMI. Petitioners attached the following to their 1984 return: Appraisals of the boat from two qualified appraisers; a copy of the bargain sale agreement; a statement that the donee was a section 501(c)(3) exempt organization qualified to receive the charitable contribution; a deed of gift to the donee; and a copy of an acknowledgement letter from the donee. At trial, petitioners produced written evidence that their cost basis in My Fair Lady II was about $ 69,000. Petitioner had *611 more records in 1984 and 1985 of his basis in My Fair Lady II than he did at the time of trial because he was divorced twice and sold his business in the interim. 3. Experts' Valuation of My Fair Lady II
Petitioners' expert, Gerald Slakoff, used the comparable sales method to estimate the value of the boat. He compared My Fair Lady II to seven trawlers built between 1977 and 1982. He personally surveyed all of the boats used as comparables. Respondent's expert, William Thomte (Thomte), estimated the value of My Fair Lady II by estimating the total cost of the boat to petitioners, and then multiplying that amount by a fixed percentage depreciation rate. He did not use comparables because he believed no comparables existed for a custom built boat. 4. Petitioner's Bargain Sale of My Fair Lady II to AMI
On July 12, 1984, petitioner sold My Fair Lady II to AMI for $ 25,000. AMI is a section 501(c)(3) organization to which contributions are tax deductible. AMI used My Fair Lady II from July 1984 to August 1987 in its programs designed to teach delinquent youths individual responsibility by going on sea cruises. Discussion
1. Motion *612 for Litigation Costs: Introduction
Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable litigation costs. Sec. 7430(a). To be entitled to an award, the taxpayer must: (a) Exhaust administrative remedies. Sec. 7430(b)(1). Respondent concedes that petitioners meet this requirement. (b) Substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(ii)(I). Respondent concedes that petitioners meet this requirement. (c) Show that the position of the United States in the action was not substantially justified. Sec. 7430(c)(4)(A)(i). (d) Be an individual whose net worth did not exceed $ 2,000,000, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $ 7,000,000, when the petition was filed. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioners meet this requirement. (e) Establish that the amount of costs and attorney's fees claimed by petitioner is reasonable. Sec. 7430(a), (c)(1) and (2). Respondent concedes that the hours claimed by petitioners are *613 reasonable, but contends that the applicable hourly rate is $ 75, adjusted for increases in the cost of living since 1986. Section 7430 was amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743-3747, effective for petitions filed after November 10, 1988. The petition in this case was filed on May 16, 1991. 2. Whether Respondent's Position Was Substantially Justified
a. Substantial Justification
Petitioner must establish that the position of the United States in the litigation was not substantially justified. Sec. 7430(c)(4)(A)(i). The substantially justified standard is a reasonableness standard. Pierce v. Underwood, 487 U.S. 552, 563-565 (1988). The fact that the Commissioner eventually loses or concedes the case is not in itself sufficient to establish that a position is unreasonable. Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992), revg. an unpublished Order of this Court; Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). *614 However, it "clearly remains" a factor to be considered. Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, 100 T.C. 457, 471 (1993). The taxpayer need not show bad faith to establish that the Commissioner's position was not substantially justified for purposes of a motion for litigation costs under section 7430. Estate of Perry v. Commissioner, supra; Powers v. Commissioner, supra.
The Equal Access to Justice Act's substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, supra at 565. That interpretation also applies to motions for litigation costs under section 7430, Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. T.C. Memo. 1990-316; *615 Norgaard v. Commissioner, 939 F.2d 874, 881 (9th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1989-390; Rickel v. Commissioner, 900 F.2d 655, 665-666 (3d Cir. 1990), affg. in part and revg. in part 92 T.C. 510 (1989). "Substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person", Pierce v. Underwood, supra at 565. This standard is no different from the "reasonable basis both in law and fact" formulation adopted by the vast majority of the Courts of Appeals. Id.; see, e.g., Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984). For a position to be substantially justified, there must be "substantial evidence" to support it. Pierce v. Underwood, supra at 564-565. The Supreme Court said: Judicial review of agency action, the field at issue here, regularly proceeds under the rubric of "substantial evidence" set forth in the Administrative Procedure *616 Act, 5 U.S.C. § 706(2)(E). That phrase does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). * * * [Id.]
b. Position of the United States
The "position of the United States" is the position taken by respondent: (1) In the court proceeding, and (2) in the administrative proceeding as of the earlier of (a) the date the taxpayer receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (b) the date of the notice of deficiency. Sec. 7430(c)(7). 3. Whether Respondent's Position Relating to the Valuation of the Boat Was Substantially Justified
Respondent's position in Fair v. Commissioner, supra, was that the value of petitioners' trawler was $ 73,000. Petitioners argue that respondent's position was unreasonable because it was based on respondent's expert's valuation. Petitioners cite our bench opinion in Fair v. Commissioner, supra, where we found that respondent's expert erred *617 in that: (a) He did not use the comparable sales method; and (b) he mistakenly assumed that boats lose value at a uniform rate over time, regardless of the condition of the boat, the supply and demand for boats, and fuel costs. To decide if respondent's position was substantially justified, we must consider the facts of the case, the nature of the asset to be valued, the qualifications of the expert, the soundness of the valuation methods, the reliability of the expert's factual assumptions, and the persuasiveness of the reasoning supporting the expert's opinion. Estate of Smith v. Commissioner, 57 T.C. 650, 655 (1972), affd. 510 F.2d 479 (2d Cir. 1975); Estate of Davis v. Commissioner, T.C. Memo. 1993-392; see Rose v. Commissioner, 88 T.C. 386, 417-419 (1987), affd. 868 F.2d 851 (6th Cir. 1989). We find that respondent's reliance on Thomte's appraisal was reasonable. Thomte was a qualified expert with 24 years' experience in marine surveying and appraisals. He used a generally accepted valuation method, and estimated the cost of petitioners' *618 boat based on petitioners' records. He visually inspected My Fair Lady II in 1992 before making his report. Although Thomte used a fixed depreciation schedule that we found inappropriate in this case, both he and petitioners' expert testified that boats have lost value significantly in recent years. We considered respondent's and petitioners' expert's reports, and found flaws in both. For example, we found that petitioners' expert overstated the value of My Fair Lady II and understated the higher quality of the comparables used in applying the comparable sale method. Thomte undoubtedly faced difficulty in appraising the boat 8 years after its donation, especially because it had seriously deteriorated during those years. The more difficult it is to appraise property, the more leeway we give before concluding that a party's position was not substantially justified. See Smith v. United States, 850 F.2d 242, 246 (5th Cir. 1988) (a party's use of a $ 92,500 appraisal of a building worth $ 172,000 was reasonable because the building was unusual and located in a neighborhood with uncertain potential for growth and development). Cf. Frisch v. Commissioner, 87 T.C. 838, 841 (1986) *619 (Commissioner's valuation position unreasonable where Commissioner had taxpayer's appraisal for 7 months but did not investigate further). Respondent's valuation position was based on Thomte's expert report. We find that respondent's reliance on the report was reasonable, and thus, respondent's position had a reasonable basis in fact and law. We hold that respondent's position on the valuation issue was substantially justified. 4. Whether Respondent's Position Relating to the Charitable Contribution of the Boat Was Substantially Justified
Section 1.170A-13(b)(3)(i)(B), Income Tax Regs., requires, for assets held more than 6 months, that the taxpayer maintain written records of cost basis when the information is available. In Fair v. Commissioner, supra, respondent contended that, when petitioner donated My Fair Lady II in July 1984, information about all of its costs was available to petitioner. Respondent's position was that petitioners did not comply with section 1.170A-13(b)(3), Income Tax Regs., and thus were not entitled to a charitable deduction because they did not keep written records of the cost basis of their donated boat. Petitioners argue that *620 respondent's interpretation of section 1.170A-13(b)(3), Income Tax Regs., was not substantially justified because we held in Fair v. Commissioner, supra, that petitioners substantially complied with the regulation and were entitled to a charitable contribution deduction for My Fair Lady II. Petitioners further argue that respondent's insistence on literal compliance with the regulation was not supported by the case law existing at the time of the donation. Petitioners rely on Cary v. Commissioner, 41 T.C. 214 (1963), where we held that the fact that a Code provision conditions the entitlement of a tax benefit upon compliance with respondent's regulation does not mandate literal as opposed to substantial compliance. We disagree. The issue in the underlying case was whether petitioners were entitled to a charitable contribution deduction for their bargain sale of a boat under section 170(a)(1), as interpreted by section 1.170A-13(b)(3), Income Tax Regs. Respondent's position throughout the litigation was consistent with this regulation. We think petitioners' reliance on Cary v. Commissioner, supra, is *621 misplaced. That case holds that substantial rather than literal compliance with a regulation may be enough to qualify for tax benefits under the Code. Cary does not mean that substantial compliance with a regulation will always suffice. Petitioners have not shown that respondent's position lacked a reasonable basis in law. When respondent filed the answering brief in the underlying case, respondent's position was supported by Blair v. Commissioner, T.C. Memo. 1988-581, which held that section 1.170A-13, Income Tax Regs., requires substantiation of charitable contribution deductions. Bond v. Commissioner, 100 T.C. 32 (1993), on which this Court relied in deciding that petitioners had substantially complied with section 1.170A-13(b)(3), Income Tax Regs., was decided after respondent filed the answering brief in the underlying case. The fact that we decided in Bond, and in the underlying case, that substantial compliance with the regulation was sufficient does not cause respondent's position to be unreasonable. We find that respondent's position on the charitable contribution issue was substantially justified. *622 Thus, we hold that respondent's position that petitioners should have strictly complied with section 1.170A-13(b)(3), Income Tax Regs., was reasonable. We conclude that respondent's positions had a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. at 565. Thus, petitioners were not prevailing parties and are not entitled to an award of litigation costs. Having concluded that petitioners are not the prevailing parties under section 7430, we need not decide whether the amount of litigation costs sought by petitioners is reasonable. Petitioners' motion for litigation costs will be denied. To reflect the foregoing, An appropriate order will be issued and decision will be entered under Rule 155.