# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 95-40046

---

J. LYNN HARDEN and MADELYN
R. HARDEN,

                                                    Plaintiffs-Appellees,

versus

UNITED STATES OF AMERICA,

                                                    Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas
(1:93cv566)

---

November 30, 1995

---

Before POLITZ, Chief Judge, HILL[*] and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:[**]

       The United States appeals the district court's grant of summary judgment in favor of

taxpayers J. Lynn and Madelyn R. Harden.  We affirm in part and reverse in part.

## BACKGROUND

       On April 15, 1985 Taxpayers filed a Form 4868 application for automatic extension

---

       [*]Hon. James C. Hill, United States Circuit Judge for the Eleventh Circuit, sitting by
designation.

       [**]Local rule 47.5 provides:  "The publication of opinions that have no precedential value
and merely decide particular cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal profession."  Pursuant to that Rule,
the Court has determined that this opinion should not be published.

of time to file their 1984 individual income tax return and remitted an $8,000 check to the IRS. One year later Taxpayers again filed a Form 4868 and forwarded a $10,000 remittance to the IRS. Taxpayers failed to file their 1984 and 1985 tax returns within the extended deadlines. Instead Taxpayers filed their 1984 through 1989 tax returns in 1990.

The 1984 and 1985 tax returns showed Taxpayers' liability substantially lower than the amounts previously remitted in connection with the requests for extension. Taxpayers sought to apply these overpayments as credits to their tax liability for subsequent years. The IRS denied the claims for credit based on 26 U.S.C. § 6511(b)[1] because Taxpayers remitted the amounts more than three years before the claim for credit.[2]

The IRS claimed additional taxes for 1986, 1987, and 1989, which the Taxpayers paid. They thereafter sought a refund which the IRS denied and Taxpayers filed the instant

---

[1]26 U.S.C. § 6511 states, in relevant part:

> (a) Period of Limitation on Filing Claim.--Claim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. . . .
> (b) Limitations on Allowance of Credits and Refunds.--
> (1) Filing of claim within prescribed period.--No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (1) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.
> (2) Limitation on amount of credit or refund.--
> (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately proceeding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. . . .
> (B) Limit where claim not filed within 3-year period.--If the claim was not filed within the 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

[2]The government necessarily characterizes these remittances as payments of tax. See infra.

2

suit. The trial court granted Taxpayers summary judgment and awarded costs and attorneys' fees. The government timely appealed.

## ANALYSIS

The essential question posed is whether the remittances forwarded to the IRS along with the requests for extension constituted payments of tax. If these amounts were payments of tax, the claim for refund is barred under section 6511(b). If, however, the remittances were deposits rather than payments the claim for refund is not time barred. Taxpayers maintain that our decisions in *Thomas v. Mercantile Nat'l Bank*[3] and *Ford v. United States*[4] mandate a finding that the remittances were deposits rather than payments. In *Thomas* we held that an amount remitted before an assessment of tax is, as a matter of law, a deposit.[5] Based on this holding Taxpayers assert that inasmuch as they were not assessed tax until they filed their returns[6] the remittances were deposits. For this reason, Taxpayers maintain that section 6511(b) is not a bar to their claim for refund.

The government on the other hand claims that *Thomas* and *Ford* are distinguishable and, therefore, not controlling. The government contends that section 6513 of the Tax Code applies to remittances accompanying a Form 4686 request for extension and that this section expressly defines such remittances as payments of tax.[7] Based on this distinction the government contends we can hold that the remittances were payments as a matter of law without running afoul of *Thomas* and *Ford*.

---

[3] 204 F.2d 943 (5th Cir. 1953).

[4] 618 F.2d 357 (5th Cir. 1980).

[5] **Thomas.**

[6] See 26 U.S.C. §§ 6201, 6501 (taxpayers self-assess by filing a tax return).

[7] 26 U.S.C. § 6513.

The government makes a rational and forceful argument for the proposition that remittances in conjunction with obtaining an extension of time are in fact estimates of tax and should be treated as such.[8] This panel, however, is bound to the decisions of this court in *Thomas* and *Ford*. In those cases, we held that as a matter of law a remittance forwarded to the IRS before an assessment of tax is to be considered a deposit rather than a payment. In accordance with those holdings we must affirm the judgment of the district court on this issue.

In order to recover an award of costs, including attorneys' fees, from the government, however, taxpayers must establish that the position of the United States was not "substantially justified."[9] We review the district court's determination in this regard for an abuse of discretion. "A position is 'substantially justified' when it is justified to a degree that could satisfy a reasonable person."[10] The government's failure to prevail below does not necessarily compel the conclusion that its position was not "substantially justified;" however, that is clearly a factor for consideration.[11]

The district court abused its discretion by awarding costs, including attorneys' fees, against the government. That part of the judgment must be reversed. The government's position, while ultimately rejected, was nonetheless substantially justified. The government posited a reasonable argument to distinguish our prior precedent and supported its position

---

[8]See **Weigand v. United States,** 760 F.2d 1072 (10th Cir. 1985); 26 U.S.C. § 6513.

[9]**Heasley v. Commissioner of Internal Revenue,** 967 F.2d 116 (5th Cir. 1992); 26 U.S.C. § 7430(c)(4)(A)(I).

[10]**Heasley**, 967 F.2d at 120 (internal quotations and citations omitted).

[11]**Id.**

with a supporting opinion by our colleagues in the Tenth Circuit.[12]  The judgment of the district court is **AFFIRMED IN PART AND REVERSED IN PART.**

---

[12]**Weigand.**  Moreover, the government's position is supported by **Blatt v. United States,** 34 F.3d 252 (4th Cir. 1994).