**Albert J. HENRY, et al., Petitioner-Appellant/Cross-Respondent-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee/Cross–Petitioner–Appellant.**

No. 01–70352, 01–70574.
Tax Ct. No. 27188–91.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2001 *.

Decided April 29, 2002.

---

* The panel unanimously finds this case suitable for submission without oral argument pursu-

ant to Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge,
LAY ** and GOODWIN, Circuit Judges.

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM ***

Albert J. Henry was the vice president-finance, chief financial officer, and a member of the board of directors of IMED Corporation. IMED provided stock options to Henry and other officers for their service to the corporation. The IMED option holders filed I.R.C. § 83(b) elections in which they reported the fair market value of the options as zero. The options were eventually sold to Warner–Lambert Company in 1982, and the taxpayers reported long-term capital gain from the sale of the options. In *Cramer v. C.I.R.*, 101 T.C. 225, 1993 WL 369030 (1993), *aff'd*, 64 F.3d 1406, 1412 (9th Cir.1995), the court held that I.R.C. § 83 required such proceeds to be treated as ordinary income because the options did not have a "readily ascertainable market value" as defined in Treas. Reg. § 1.83–7(b)(2). As a result, the three officers in *Cramer* understated their income by long-term capital gain treatment of the sale of the options to Warner–Lambert. In the present dispute, Petitioners stipulated they would be bound by the holding of *Cramer* with respect to the treatment of the options.

However, in the Tax Court, the Petitioners asserted the Internal Revenue Service (IRS) improperly claimed a notice of deficiency alleging they owed more than $2 million in 1982 income on proceeds from the sale of the stock options. The parties stipulated as to the notice of deficiency. The Petitioners also challenged the IRS's assessment of two penalties: a negligence penalty and a substantial understatement penalty. The Tax Court found for Petitioners as to the substantial understatement penalty, but found for the IRS on the negligence penalty. *Henry v. C.I.R.*, Nos.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

27188–91, 1987–92, 1997 WL 14456 (U.S.Tax Ct. Jan.16, 1997). This court affirmed the Tax Court's finding as to the substantial understatement penalty, but reversed the negligence penalty. *Henry v. C.I.R.*, 170 F.3d 1217 (9th Cir.1999) (hereinafter *"Henry I"*). In addressing the negligence penalty, we held "that petitioners' reliance on their experienced and long-time accountant's tax treatment of the stock option proceeds was reasonable" and the Tax Court "fail[ed] to provide more than speculative inferences that Henry was aware of Treas. Reg. § 1.83–7 and negligently disregarded it." *Id.* at 1223. The case was then remanded to the Tax Court.

On remand, Petitioners sought costs and attorneys' fees incurred in defending against the addition to tax for substantial understatement and negligence. The Commissioner initially argued that the Petitioners did not meet the net worth test, did not substantially prevail, and failed to prove the Commissioner's position was not substantially justified, and that the amount of fees and costs claimed were not proven to be reasonable. The Commissioner later conceded the net worth test was met. The Tax Court found Petitioners were "ultimately successful with respect to all of the issues presented, and, accordingly, substantially prevailed." *Henry v. C.I.R.*, Nos. 27188–91, 1987–92, slip op. at 2 (U.S.Tax Ct. Nov.30, 2000). The Tax Court also found the Commissioner's position as to the addition to tax for substantial understatement was not substantially justified; however, it held the Commissioner was substantially justified in defending the determination that Petitioners were liable for an addition to tax for negligence.

Petitioners have appealed the Tax Court's denial of costs and fees under the negligence penalty.[1] Thus, the issue before the court is whether the Commissioner's position as to the addition to tax for negligence was substantially justified.

*Analysis*

The Tax Court's determination of whether to grant costs and attorneys' fees associated with the defense of the addition to tax for negligence is reviewed for an abuse of discretion. *Huffman v. C.I.R.*, 978 F.2d 1139, 1143 (9th Cir.1992); *Estate of Merchant v. C.I.R.*, 947 F.2d 1390, 1393–94 (9th Cir.1991); *Bertolino v. C.I.R.*, 930 F.2d 759, 761 (9th Cir.1991). Costs and attorneys' fees are properly denied when the IRS's assertion of a negligence penalty is substantially justified. 26 U.S.C. § 7430(c)(4)(A)(i) (2001). A petitioner bears the burden of establishing that the Commissioner's position was not substantially justified. *Dixson Int'l Service Corp. v. C.I.R.*, 94 T.C. 708, 714–15, 1990 WL 64041 (1990).

A position is substantially justified, pursuant to 26 U.S.C. § 7430, when it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Norgaard v. C.I.R.*, 939 F.2d 874, 880 (9th Cir.1991); *see also Lennox v. C.I.R.*, 998 F.2d 244, 248 (5th Cir.1993); *Powers v. C.I.R.*, 100 T.C. 457, 1993 WL 175413 (1993).

On appeal of the Tax Court's determination that an addition to tax for negligence was warranted, we applied the clearly erroneous standard to the Tax Court's factual findings. *Henry I*, 170 F.3d at 1219.

---

1. The Commissioner cross-appealed the Tax Court's determination that the Commissioner was not substantially justified in the pursuit of the substantial understatement penalty. The Commissioner has stated in its brief it is not pursuing the cross-appeal.

We held, contrary to the Tax Court's finding, Petitioners satisfied their obligation to independently verify the proper income tax liability for the sale of the options by consulting with their long-term tax accountant. *Id.* at 1220. The accountant was provided with the requisite information. *Id.* Moreover, the Petitioners acted reasonably in relying on their accountant's treatment of the sale of the options. *Id.* Therefore, the Tax Court's finding that the Petitioners' reliance was unreasonable was clearly erroneous. *Id.* at 1221.

The second issue addressed in *Henry I* was the Tax Court's finding that, through Henry's involvement at the top level of IMED and in the negotiations of their sale, the Petitioners' plea of ignorance with regard to their knowledge of Treas. Reg. § 1.83–7 was unsubstantiated. We held the Tax Court's determination was based "on pure speculation and conjecture that is not supported by the record." *Id.*

In our review of the record in *Henry I*, we found clear error in the Tax Court's findings. Based upon our finding, we held that Petitioners' reliance on their tax accountant's advice was reasonable and Henry's alleged knowledge of the treasury regulation was pure speculation. This leads to the conclusion that the Commissioner's position was not substantially justified.

The erroneous interpretation of the law of the case infected the application of the case law.[2] In *Heasley v. C.I.R.*, 967 F.2d 116 (5th Cir.1992), the Tax Court held that moderate income investors did not present a sufficient case to demonstrate that the IRS's position was unreasonable. The court of appeals reversed, finding:

The [petitioners] demonstrated that they are moderate income investors with a limited education and minimal investment experience. They relied on the expertise of their financial advisor, whom they believed to be knowledgeable and trustworthy. Although the [petitioners] had always prepared their own tax returns in the past, they hired a C.P.A. to handle the more complicated tax matters created by their ill-fated investment.

*Id.* at 121. Based upon such a finding, the court of appeals held that a reasonable person would not "have been satisfied with the IRS's position on the negligence penalty." *Id.*

From *Heasley*, the Tax Court extrapolated that "[u]nlike Mr. or Mrs. Heasley, petitioner was vice president in charge of finance for the very corporate entity that was giving options to all of its officer/directors, including petitioner." *Henry v. C.I.R.*, Nos. 27188–91, 1987–92, slip op. at 5 (U.S.Tax Ct. Nov.30, 2000). The Tax Court held that therefore the IRS was substantially justified in defending the Commissioner's determination that the Petitioners were liable for an addition to tax based upon negligence. *Id.*

As stated in *Henry I*, the parties' "sophistication" is not the operative determination; rather, it is whether reliance upon the opinion rendered by the accountant was reasonable. *Henry I*, 170 F.3d at 1220–21; *see also United States v. Boyle*, 469 U.S. 241, 251, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985) ("When an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to

---

**2.** In addressing whether the Commissioner was substantially justified in pursing an addition to tax for negligence, the Tax Court cited *Heasley v. C.I.R.*, 967 F.2d 116 (5th Cir.1992), and *United States v. Sam Ellis Stores, Inc.*, 768 F.Supp. 286 (S.D.Cal.1991). *Sam Ellis* was cited in support of the Commissioner's reasonable investigation. The court does not find error in this analysis.

rely on that advice .... To require the taxpayer to challenge the attorney, to seek a 'second opinion,' or to try to monitor counsel on the provisions of the Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place."). *Henry I* preclusively established that the Petitioners' reliance was reasonable, irrespective of whether Henry was "sophisticated." Moreover, as previously demonstrated in *Henry I*, Henry was not aware of Treas. Reg. § 1.83–7, and the Tax Court's determination, following the IRS's assertion, that he was aware of the regulation was pure speculation.

In light of the findings in *Henry I* and the impact the determinations have upon an analysis with existing case law, the Petitioners have shown the Commissioner's position as to the addition to tax for negligence was not substantially justified. Therefore, the Petitioners are granted reasonable costs and attorneys' fees.

The cause is remanded for determination as to the reasonable amount of costs and attorneys' fees.[3]

REMANDED.

---

**3.** The Tax Court instructed the parties to attempt to reach a conclusion as to the reasonable amount of costs and attorneys' fees associated with the defense of the substantial understatement penalty. If an agreement could not be reached, the Tax Court would make the necessary findings. In an order dated December 1, 2000, the Tax Court awarded costs and fees totaling $150,000.