GAUDIN, Judge.
Michael A. Johnson pled guilty to theft of over $500.00 and was sentenced in the 24th Judicial District Court to five years at hard labor. Johnson and at least two dozen other employees of Avondale Shipyards systematically stole money from 1976 to 1983 by submitting forged and fraudulent receipts for reimbursement.
Johnson, on appeal, says his sentence is excessive and that the trial judge did not properly apply the sentencing guidelines of LSA-C.Cr.P. art. 894.1. For the following reasons, we vacate Johnson’s sentence and we remand this matter to the district court for resentencing.
Johnson and two others were sentenced in state district court on April 17, 1985. Almost all of the other Avondale defendants pled guilty and were sentenced in the United States District Court for the Eastern District of Louisiana. Johnson’s attorney said that "... everybody else went down and made a deal in federal court.” They received, according to Johnson’s at *6 torney, sentences generally much less severe than the one imposed on Johnson.
In the presentence report which is part of this record, Johnson is quoted as saying: “I was in the wrong place at the wrong time, and I kept my mouth shut.” He said he put job code numbers on fake receipts because his supervisor “told him to.”
It is difficult from reading the presen-tence report to ascertain Johnson’s exact part in the money-stealing scheme. He admits to criminal activity but denies that he was one of the major conspirators. He testified that he didn’t receive anything close to the amount he and others were charged with stealing, $264,547.10. He indicated that he pled guilty to theft of over $500.00 because he did in fact take that much and, as his attorney said, “he knows he’s wrong.”
At the time of this sentencing, there was a pending civil suit in which Avondale, as plaintiff, was trying to obtain a money judgment against Johnson and other named defendants.
Johnson is now 46 years of age. He is a first offender, married with a teen-aged son still at home.
What concerns us is Johnson’s firm and repeated assertion that he received a sentence far more severe than almost all of the others. He got more (time), he said, for doing less. In practically every other sentencing situation it is near impossible to compare an accused before the bar with others previously sentenced for the same crime. Facts and circumstances vastly differ, as do defendants themselves, and sentencing judges do have wide discretion.
But here there are quite a few wrongdoers who have been sentenced for the very same Avondale thefts, some no doubt with more involvement than Johnson and no doubt some with less.
We believe it important and fair, to Johnson and to Avondale, that he receive a sentence in proportion to his participation in the thefts and in line with sentences meted out to others with equal or close to equal guilt. This sentence could be five years or it could be something else. We cannot take judicial notice of federal district court proceedings not a part of the record on appeal.
Finally, we note that Johnson has no prior criminal record and the trial judge said that he was aware of this. However, the trial judge did not mention any other mitigating possibility such as Johnson’s family and work stability, the liklihood that he would not commit another crime and his potential for rehabilitation through correctional services other than confinement. Johnson does not appear to us to be a further threat to society, certainly not in a physical manner.
We remand for resentencing.
SENTENCE VACATED, REMANDED FOR RESENTENCING.