United States Court of Appeals,

Fifth Circuit.

No. 92-4270.

ESTATE of Michael A. JOHNSON, Deceased, Geraldine Johnson, Administratrix, and Geraldine Johnson, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

March 24, 1993.

Appeal from a decision of the United States Tax Court.

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Taxpayer, Geraldine Johnson, is seeking to recover legal costs under IRC Section 7430 in connection with the litigation leading up to a settlement with the IRS. The Tax Court determined that the IRS was substantially justified in its position and, thus, denied her prevailing party status. Consequently, the court denied Geraldine Johnson's request for litigation costs. We find that the Tax Court abused its discretion in determining that the IRS was substantially justified in denying her innocent spouse status, and find that she is entitled to litigation costs as a prevailing party. Therefore, we REVERSE and REMAND consistent with the following opinion.

FACTS AND PROCEEDINGS

On October 20, 1988, Geraldine and Michael Johnson, filed a petition in the United States Tax Court contesting the Commissioner's determination that they had a deficiency in their income tax for the taxable years 1981, 1982, and 1983. The Commissioner had determined that they jointly owed nearly $70,000 in back taxes and penalties. This deficiency emanated from unreported income that Michael had secured from an elaborate embezzlement scheme.[1] Soon after the IRS filed its

---

[1] Michael Johnson received income from his employer, Avondale Shipyards, Inc., through an illegal petty cash scheme in which cash was stolen during 1981, 1982, and 1983 in the following amounts respectively: (i) $26,352.59; (ii) $99,984.05; and (iii) $34,568.57. Michael pleaded guilty to criminal charges in connection with the embezzlement scheme. *See State v. Johnson,* 510 So.2d 5, 5-6 (Ct.App.La.1987), *cert. denied,* 514 So.2d 1174 (La.1987).

notice of deficiency, Michael died.

During the tax period in question, Geraldine earned barely any income and the Johnsons filed a joint tax return.[2] Geraldine has contended from the start that she did not know about her husband's illegal enterprise. Therefore, she originally contested, and continues to contest, the notice of deficiency on the ground that she is an innocent spouse.

Soon after the Johnsons contested the notice of deficiency, IRS agent Verna Anderson ("Anderson") commenced an investigation. Anderson issued three summons in order to trace the illegal fruits of Michael Johnson's embezzlement scheme: (i) Metairie Bank & Trust Co.; (ii) Jefferson Guarantee Bank; and (iii) Avondale Shipyard, Inc.—Federal Credit Union. Nothing in the record suggests that these summons were not complied with or incomplete in any way. Further, Geraldine Johnson's affidavit states that she too delivered all of her bank records to Anderson.

Moreover, Anderson made computations utilizing the Johnsons' reported income and known expenses. The computations for 1982 revealed that the Johnsons' reported income exceeded their expenses by $12,932.08. Moreover, nothing in agent Anderson's report indicated that extravagant items, such as expensive cars or jewelry, had been purchased. Anderson concluded, in her report, that Geraldine Johnson was not entitled to innocent spouse status principally because "the wife was not employed for each year under examination."

The next step in the process came the Regional Office of Appeals, which produced the Appeals Officer's ("AO") supporting statements. The report indicates that the AO reviewed the computation of income and expenses made by agent Anderson. The AO concluded that the analysis did not reveal any unreported income. In fact, the entire AO report refers only to Michael Johnson and no specific reference is made to whether or not Geraldine received any benefit from the illegal income at all. In the end, the Regional Office of Appeals denied innocent spouse relief to Geraldine Johnson, despite its admission that independent investigation had revealed no evidence of unreported income.

---

[2]Geraldine's earnings were $0, $0, and $2,626.08 for the years 1981, 1982, and 1983, respectively.

The case proceeded to trial before the United States Tax Court. On December 15, 1988, Michael died and his estate was substituted as a party. On the eve of trial the parties reached a settlement, which provided that Michael's estate was liable for the bulk of the deficiencies and Geraldine would in large part be relieved of liability on the ground that she was an innocent spouse.

Following the settlement, Geraldine filed a motion in the United States Tax Court for an award of litigation costs in the amount of $21,471.14 pursuant to IRC Section 7430.[3] Her motion for litigations costs was based on her contention that she had "substantially prevailed" with respect to the amount in controversy.[4] The Tax Court, however, denied Geraldine's motion.

The Tax Court apparently believed that both Geraldine and Michael Johnson had moved for attorneys' fees. However, Michael Johnson was not a party to the motion. The court focused on the fact that the amount of deficiencies originally asserted by the IRS were nearly equal to the amount that it was eventually agreed that the Estate of Michael Johnson was liable. The Tax Court held that in reality the IRS, not Geraldine Johnson, substantially prevailed. Therefore, the court held that Geraldine was not a prevailing party under Section 7430.

Geraldine Johnson appealed the decision to a prior panel of our court. Our court approached the analysis on a different tack. It focused on the fact that the IRS contended that Geraldine Johnson owed almost $70,000. However, under the settlement, Geraldine owed only $2,596, less than ten

---

[3]Because Geraldine filed suit prior to November 10, 1988, the 1986 version of § 7430 is applicable to the present case.

[4]The applicable version of 26 I.R.C. § 7430(c)(2)(A) (amended by Tax Reform Act of 1988) reads as follows:

> The term prevailing party means any party to any proceeding described in subsection (a).... which—
>
> (i) establishes that the position of the United States in the proceeding was not substantially justified;
>
> (ii) (I) has substantially prevailed with respect to the amount in controversy, or
>
> (II) has prevailed with respect to the most significant issue or set of issues presented, and
>
> (iii) which meets the requirements of [certain other statutory sections not relevant herein].

percent of the original amount. Moreover, Geraldine prevailed on the only issue she contested. The settlement stipulated that Geraldine was an innocent spouse with regard to ninety percent of the original deficiency sought against her.

Our prior panel reversed the Tax Court's holding that Geraldine had not substantially prevailed under Section 7430(c)(2)(A)(ii). However, this determination did not end the day because in order to obtain prevailing "party status" one must also establish that "the position of the United States ... was not substantially justified." 26 U.S.C. § 7430(c)(2)(A)(iii). However, the prior panel of our court was reluctant to decide this issue for the first time on appeal and, thus, it remanded the "substantial justification" issue to the Tax Court.

On remand, the Tax Court questioned the logic of our court's determination that Geraldine had "substantially prevailed." The court then tersely stated that the respondent (IRS) was substantially justified for the reasons "expressed in the statutory notice." Consequently, the Tax Court held that Geraldine Johnson was not a prevailing party under Section 7430(c)(2) because the United States was substantially justified "in the first place." Geraldine Johnson appeals.

## DISCUSSION

The sole issue to be decided on appeal is whether the position of the United States in this proceeding was substantially justified. An IRS position is "substantially justified" when its actions are "justified to a degree that could satisfy a reasonable person." *See Heasley v. Commissioner,* 967 F.2d 116, 120 (5th Cir.1992) (*citing Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The taxpayer bears the burden of establishing entitlement to litigation costs and, thus, must also bear the burden of proving lack of substantial justification. *See Smith v. United States,* 850 F.2d 242, 245 (5th Cir.1988). Further, we review the Tax Court's finding of substantial justification under the abuse of discretion standard. *See Heasley,* 967 F.2d at 120.

The government's failure in the underlying litigation does not mandate a finding that they lacked substantial justification. *See Estate of Perry v. Commissioner,* 931 F.2d 1044, 1046 (5th Cir.1991). Likewise, a settlement agreement that is unfavorable to the government does not necessarily lead to the conclusion that they were not substantially justified. On the other hand, a trial

court's ruling in the government's favor does not mandate that they were reasonable. *See Huckaby v. Department of the Treasury,* 804 F.2d 297, 299 (5th Cir.1986) (per curiam) (decided under old standard of "unreasonableness" rather than current standard of "substantial justification").

In determining whether the position of the IRS was substantially justified we are limited to a review of the position taken by the IRS after the district counsel enters the picture. *See Sher v. Commissioner,* 861 F.2d 131, 134 (5th Cir.1988). Therefore, we must not consider the position of the IRS prior to the time the district counsel entered the picture. The Tax Court concluded that the IRS was substantially justified based on the reasons expressed in the notice of deficiency "based on the facts as he then knew them." This assertion is clearly incorrect because the justification inquiry should be not be made at such an early stage in the process.

The government contends that when focusing on the actions of the district counsel, its position with regard to Geraldine's innocent spouse status was justified. A spouse is said to have "reason to know" of an omission from income when a reasonable person could infer that an omission had occurred based on the facts and circumstances. *See, e.g., Sanders v. United States,* 509 F.2d 162, 167 (5th Cir.1975).

The IRS government contends that the district counsel was reasonable in denying Geraldine innocent spouse status prior to the time that she produced all of her bank records. Further, they contend that Geraldine did not contact the IRS's attorneys to arrange for a review of her bank records until December 4, 1989, more than a year after the petition was filed. Additionally, the government asserts that she did not provide the district counsel with these same records until February 1, 1990, approximately one month before trial. The government then states that the minute they received the bank records they realized that Geraldine was an innocent spouse and then tendered a fair and equitable settlement. However, they argue that up until they received the bank records their position was substantially justified.

Geraldine contends that there were numerous pieces of evidence that supported her innocent spouse contention. First, she claims that she tendered all of her bank records to agent Anderson in connection with the IRS's original examination. Moreover, in the record there are three separate

summons, all dated September 10, 1984, that were served on the three banks where the Johnsons did business. Therefore, in the record there are two sources that lead to the conclusion that the IRS had her bank records well before the district counsel became involved.

Second, Geraldine points to a schedule drawn up by agent Anderson that compared reported income and known expenses for 1982. Agent Anderson wrote a conclusion on the schedule that indicated she had found no evidence of unreported income. The government argues the schedule states nothing about 1981 or 1983, without refuting what the schedule says other than the fact that it does not conclusively prove that she did not know of her husband's omission.

Agent Anderson wrote in her original report that she was going to deny Geraldine innocent spouse status because she had no income. This was an incorrect application of the law because a spouse must substantially benefit from unreported income in order to be held liable. While, this position is not to be considered because of the *Sher* rule, the district counsel is still charged with notice and knowledge of all documents and reports compiled and produced by the initial investigating agent.

Surely, the district counsel cannot lead us to believe that they did not see any of the documents that were tendered to agent Anderson. Moreover, even if they did not see the documents they were not substantially justified in pursuing Geraldine Johnson without examining all the information that they had in their possession. Additionally, they unreasonably assert that they could only obtain possession of the documents from Geraldine herself. Once having obtained the documents they reasonably and amicably settled the case. This looks and smells like post hoc rationalization.

## CONCLUSION

The IRS had all of the relevant documents in their possession. Further, they themselves admit that nothing in these documents leads to any conclusion other than that Geraldine Johnson did not know about her husband's activities. Therefore, the position of the IRS district counsel was not substantially justified. The Tax Court abused its discretion by tersely concluding the IRS was substantially justified in denying Geraldine innocent spouse status.

Therefore, we REVERSE and REMAND.