JAMES J. JASIENSKI AND BARBARA E. JASIENSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jasienski v. Commissioner
Docket No. 25126-90
United States Tax Court
T.C. Memo 1993-449; 1993 Tax Ct. Memo LEXIS 462; 66 T.C.M. (CCH) 848; September 28, 1993, Filed *462 For petitioners: Jack A. Weinstein. For respondent: Timothy S. Murphy. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This matter is before the Court on Petitioners' Motion for Award of Reasonable Litigation and Administrative Costs under section 7430 and Rule 231. [1]
In the underlying case, Jasienski v. Commissioner, T.C. Memo. 1992-674, we held that petitioners engaged in a limousine service activity for profit under section 183. After concessions, the sole issue we must decide is whether respondent's position in this proceeding was substantially justified for purposes of section 7430(c)(4)(A). We hold that it was. In accordance with Rule 232, the parties have submitted affidavits and memoranda supporting their positions. We decide the motion based on petitioners' motion, respondent's objection, and affidavits provided by both parties. *463 There are no significant conflicts of fact presented by the affidavits of each party. Neither party requested a hearing, and we conclude that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(3). Discussion
1. Background
Section 7430 provides that the prevailing party may be awarded a judgment for reasonable administrative costs incurred in connection with administrative proceedings within the Internal Revenue Service, and reasonable litigation costs incurred in connection with a court proceeding. Congress enacted section 7430 in 1982, sec. 292(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 572, and amended it by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743-3747 (applicable to proceedings commenced after November 10, 1988). 2. Whether Respondent's Position Was Substantially Justified
To be entitled to an award for administrative or litigation costs, a taxpayer must show, among other requirements, that the position of the United States was not substantially justified. Sec. 7430(c)(4)(A). Whether respondent's *464 position was substantially justified is the sole issue to be decided. The position of the United States is the position taken by respondent (A) in the court proceeding and (B) in the administrative proceeding as of the earlier of (1) the date the taxpayer receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (2) the date of the notice of deficiency. Sec. 7430(c)(7). The position of the United States for purposes of petitioners' motion is that taken in the notice of deficiency which respondent issued on August 10, 1990. A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person," Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting similar language in EAJA). See, e.g., Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984). It is not enough that a position simply has enough merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in law and fact". Pierce v. Underwood, supra at 564; see, e.g., Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992). *465 The burden of proving no substantial justification is on the taxpayers. Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993). The legislative history lists some factors which might be considered in deciding what constitutes unreasonable conduct by the Commissioner: The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. * * * H. Rept. 97-404, at 12 (1981). In 1986, Congress changed "unreasonable" to "not substantially justified", the standard applicable to the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412 *466 (1988). Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551, 100 Stat. 2752; H. Conf. Rept. 99-841, at II-801 (1986), 1986-3 C.B. (Vol. 4) 1, 801. The purpose of the change was to conform section 7430 more closely to EAJA. H. Conf. Rept. 99-841, supra at II-801, 1986-3 C.B. (Vol. 4) at 801. The "substantially justified" standard is not a departure from the "reasonableness" standard. Weiss v. Commissioner, 850 F.2d 111, 116 (2d Cir. 1988), revg. 89 T.C. 779 (1987); Sokol v. Commissioner, 92 T.C. 760, 763 n.7 (1989); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The Government's position can be justified even if ultimately rejected by the Court. Wilfong v. Commissioner, 991 F.2d 359, 364 (7th Cir. 1993). The fact that respondent did not prevail in the underlying litigation does not require a determination that the position of the Internal Revenue Service was unreasonable, Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); *467 Sokol v. Commissioner, supra at 767; however, it remains a factor to be considered, Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991). Respondent's position in Jasienski v. Commissioner, supra, was that petitioners did not engage in their limousine service activity for profit under section 183. Petitioner argues that respondent's position was unreasonable because: (1) Respondent maintained a position that was not supported by the facts at the audit or appellate levels; (2) the Court found facts supporting petitioners' position which were the same as those presented to respondent's agents at the administrative level; (3) respondent maintained a position that was contrary to the weight of authority and to section 1.183-2(b), Income Tax Regs.; and (4) respondent withdrew all settlement offers and thereby compelled petitioners to try the case. We disagree with petitioner that respondent's position *468 was not supported by the facts. Examples of facts properly relied on by respondent are: Petitioners did not show a profit for any of the years in issue and sustained losses from their limousine activity over a 6-year period; petitioners had no prior experience in the limousine business; and petitioners had income from sources other than the limousine activity against which they offset their losses from the activity. We conclude that respondent's position had a reasonable basis in fact. We also conclude that respondent's position had a reasonable basis in law because section 183 disallows certain deductions attributable to an activity not engaged in for profit. We are not convinced by petitioners' contention that respondent improperly withdrew settlement offers. One or both of the parties may have offered concessions in an effort to settle the case without trial. No agreement to settle was reached. There is no showing that respondent improperly maintained a position to extract unjustified concessions. H. Rept. 97-404, supra at 12; cf. Han v. Commissioner, T.C. Memo. 1993-386. We view the settlement discussions here no differently than the *469 normal situation involving settlement negotiations between the parties, some of which result in settlement and some of which do not. We conclude that respondent's position had a reasonable basis in both law and fact. Pierce v. Underwood, supra. Accordingly, we hold that respondent's position was substantially justified and that petitioner is not entitled to litigation costs under section 7430. Petitioner's motion will therefore be denied. An appropriate order will be issued. Footnotes
1. Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩