T.C. Memo. 1995-534


UNITED STATES TAX COURT


BOCA CONSTRUCTION, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18570-92.      Filed November 13, 1995.


<u>Richard S. Lynch</u> and <u>John Kennedy Lynch</u>, for petitioners.

<u>Mario J. Fazio</u> and <u>J. Scott Broome</u>, for respondent.


MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This matter is before the Court on petitioner's motion for award of administrative and litigation costs under section 7430 and Rule 231.

To prevail, petitioner must show that respondent's position in the underlying administrative and judicial proceeding was not

substantially justified.  We conclude that petitioner has not made this showing.  Thus, petitioner's motion will be denied.

The parties have submitted affidavits and memoranda supporting their positions.  We decide the motion based on the memoranda, affidavits, and exhibits attached to the affidavits.[1] The parties do not dispute the facts in the affidavits or the authenticity of the exhibits attached to the affidavits.  There are no significant conflicts of fact presented by the affidavits. Neither party requested a hearing.  We conclude that a hearing is not necessary to decide this motion.  Rule 232(a)(3).

Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

1.    <u>Petitioner and the Underlying Tax Case</u>

---

[1] By motion, petitioner asked us not to consider affidavits and exhibits attached to respondent's memorandum.  The affidavits and exhibits generally addressed whether respondent's position had the requisite basis in fact.  We denied petitioner's motion because our Rules allow parties to submit affidavits in connection with a motion for an award of administrative and litigation costs.  Rules 231, 232; see Rule 34(b) (taxpayer may not claim litigation costs in petition); Rule 70(a)(2) (no discovery relevant to litigation costs without leave of Court before hearing set on motion for litigation costs).  However, as we stated in denying petitioner's motion, neither party requested a hearing or suggested that there is any factual dispute relating to the affidavits or exhibits submitted by the parties.  We also stated that we would consider the affidavits and exhibits only to decide petitioner's motion for administrative and litigation costs.

Petitioner is a closely held corporation, the principal place of business of which was in Ohio when it filed its petition.

The primary issue in the underlying case, Boca Constr., Inc. v. Commissioner, T.C. Memo. 1995-5, filed January 9, 1995, was whether petitioner may deduct as reasonable compensation amounts it paid to its officers in the years in issue. Petitioner deducted as compensation for its officers $689,600 for 1989 and $817,500 for 1990. Respondent's revenue agent examined petitioner's return and investigated this case. Respondent determined that the amount of compensation petitioner paid to its officers in the years in issue was unreasonable. Respondent relied on facts obtained by the revenue agent and reports from Robert Morris Associates (RMA) and the Occupational Outlook Handbook to determine reasonable compensation.

In the notice of deficiency, the answer, at trial, and on brief, respondent's position was that reasonable compensation for petitioner's officers was $274,000 in 1989 and $282,000 in 1990. Respondent did not call any witnesses at trial. We held that the compensation petitioner paid to its officers was reasonable.

## Discussion

1.  Motion for Administrative and Litigation Costs:
    Introduction

Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable administrative and litigation costs. Sec. 7430(a), (c). To be entitled to an award, the taxpayer must:

a.  Exhaust administrative remedies. Sec. 7430(b)(1). Respondent concedes that petitioner meets this requirement.

b.  Substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(ii)(I). Respondent concedes that petitioner meets this requirement.

c.  Be an individual whose net worth did not exceed $2,000,000, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $7,000,000, when the petition was filed. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioner meets this requirement.

d.  Show that the position of the United States in the action was not substantially justified. Sec. 7430(c)(4)(A)(i). Respondent contends and we hold that petitioner does not meet this requirement.

e.  Establish that the amount of costs and attorney's fees claimed by petitioner is reasonable. Sec. 7430(a), (c)(1) and (2). Respondent contends that petitioner does not meet this

requirement. We need not decide this issue because we conclude that respondent's position was substantially justified.

A taxpayer has the burden of proving that it meets each requirement before the Court may order an award of administrative and litigation costs under section 7430. Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990).

A taxpayer must establish that the position of the United States in the litigation was not substantially justified to be entitled to an award for administrative or litigation costs. Sec. 7430(c)(4)(A)(i). The position of the United States is the position taken by respondent: (a) In the judicial proceeding, and (b) in the administrative proceeding as of the earlier of, (i) the date the taxpayer receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency. Sec. 7430(c)(7). Here, respondent's position in the notice of deficiency, the answer, throughout trial, and posttrial briefs, was that petitioner paid unreasonable compensation to its officers. Thus, respondent's position in both the judicial and the administrative proceeding was that taken in the notice of deficiency.

2. Whether Respondent's Position That Petitioner Paid Unreasonable Compensation to its Officers Was Substantially Justified

a.  Background

The Equal Access to Justice Act's substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person.  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  That standard applies to motions for litigation costs under section 7430.  Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. T.C. Memo. 1990-316; Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. on this issue and revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995), remanded 51 F.3d 34 (5th Cir. 1995).  To be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact.  Pierce v. Underwood, supra; Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984); Powers v. Commissioner, supra at 473.  For a position to be substantially justified, there must be "substantial evidence" to support it.  Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 473.

The fact that the Commissioner eventually loses or concedes the case does not in itself establish that a position is unreasonable.  Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992), revg. an unpublished Order of this Court.  However, it is a factor to be considered.  Heasley v. Commissioner, 967 F.2d

116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471. The taxpayer need not show bad faith to establish that the Commissioner's position was not substantially justified for purposes of a motion for litigation costs under section 7430. Estate of Perry v. Commissioner, supra; Powers v. Commissioner, supra.

      b.   Respondent's Basis in Fact

Respondent's position in Boca Constr., Inc. v. Commissioner, supra, was that the compensation petitioner paid to its officers of $689,600 for 1989 and $817,500 for 1990 was unreasonable and that compensation of not more than $274,000 for 1989 and $282,000 for 1990 would have been reasonable. Whether compensation is reasonable is a question of fact. Botany Worsted Mills v. United States, 278 U.S. 282, 289-290 (1929); Trinity Quarries, Inc. v. United States, 679 F.2d 205, 210 (11th Cir. 1982); Estate of Wallace v. Commissioner, 95 T.C. 525, 553 (1990), affd. 965 F.2d 1038 (11th Cir. 1992).

Petitioner points out that in Boca Constr., Inc. v. Commissioner, T.C. Memo. 1995-5, we considered 12 factors in deciding whether compensation was reasonable. We concluded that eight favored petitioner and four were neutral. However, we believe that respondent's position had a basis in fact because

respondent knew that Michael Bockrath (Bockrath) and Joseph Caizzo (Caizzo) were petitioner's sole shareholders who, as employees, did not deal at arm's length with petitioner to set their compensation; petitioner paid compensation to the shareholders in proportion to their stockholding; and petitioner did not have records adopting the compensation formula upon which petitioner relied. Respondent knew that Bockrath and Caizzo spent time helping another company called CABO, Inc.; that petitioner had fewer than 30 employees; and that petitioner's business was limited to resurfacing roads. Respondent also knew that petitioner paid Bockrath and Caizzo $689,600 in 1989 and $817,500 in 1990, and that petitioner did not claim that it made catchup payments for service in prior years. Respondent also considered data from RMA that was admitted into evidence. Although we found petitioner's evidence in the underlying case to be more convincing than respondent's, we believe that respondent's position had a reasonable basis in fact.

In the notice of deficiency, respondent determined that the amounts petitioner deducted as compensation for its officers in the years in issue were unreasonable. Petitioner points out that respondent did not explain at trial how respondent calculated the amount of reasonable compensation stated in the notice of deficiency. Petitioner's argument misses the mark. The point is not whether respondent gave the basis for the

determination in the notice of deficiency; it is whether respondent had a basis in fact for that position. We may consider evidence not offered at trial in deciding a motion for litigation costs. Rules 231, 232; see Rule 34(b) (taxpayer may not claim litigation costs in petition); Rule 70(a)(2) (no discovery relevant to litigation costs without leave of Court before hearing set on motion for litigation costs).

Respondent relied on RMA and Occupational Outlook Handbook data to determine petitioner's reasonable compensation for officers. This case is different from Powers v. Commissioner, supra at 472, in which the Commissioner determined a deficiency without considering any information about the case.

Respondent did not call any expert witnesses. However, even without an expert at trial, we believe respondent's position had a basis in fact.

c.   Respondent's Basis in Law

The parties generally agreed about the factors courts have used to decide whether compensation is reasonable, but disagreed on how the factors applied to this case. Petitioner does not contend that respondent did not have a reasonable basis in law. We conclude respondent had a reasonable basis in law.

3.   <u>Conclusion</u>

We conclude that respondent's position in the underlying administrative and judicial proceedings had a reasonable basis in both law and fact.  We hold that respondent's position was substantially justified and that petitioner is not entitled to an award for administrative or litigation costs under section 7430.  In light of this conclusion, we need not decide whether the amount of costs petitioner claims is reasonable. Petitioner's motion for litigation costs will be denied.  To reflect the foregoing,

<u>An appropriate order will be issued denying petitioner's motion for an award of administrative and litigation costs</u>.