T.C. Memo. 1997-366

UNITED STATES TAX COURT

ESTATE OF LEON SPEAR, DECEASED, JEANNETTE SPEAR,
HARVEY SPEAR, AND ROBIN SPEAR, ADMINISTRATORS,
AND JEANNETTE SPEAR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3276-87.                    Filed August 11, 1997.

Barry A. Furman, for petitioners.

Ruth M. Spadaro and James C. Fee, Jr., for respondent.

MEMORANDUM OPINION

COLVIN, Judge:  This case is before the Court on
petitioners' motion for award of administrative and litigation
costs under section 7430 and Rule 231.[1]

_____

[1] We have previously issued opinions in this case at T.C.
(continued...)

To prevail, petitioners must show that respondent's position in this case was not substantially justified. We conclude that petitioners did not meet this requirement. Thus, we will deny petitioners' motion.

In light of this conclusion, we need not decide respondent's contentions that petitioners are not entitled to relief because (1) they unreasonably protracted the proceedings, (2) the amount of costs they claim is not reasonable, and (3) they did not pay or incur the amounts claimed.

The parties have submitted affidavits and memoranda supporting their positions. We decide the motion based on the memoranda, affidavits, and exhibits attached to the affidavits. The parties do not dispute the material facts in the affidavits or the authenticity of the exhibits attached to the affidavits. Respondent requested a hearing, but we conclude that a hearing is not necessary to properly decide this motion. Rule 232(a)(3).

Unless otherwise indicated, section references are to the Internal Revenue Code. All references to section 7430 are to the section as amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, and by section 6239(a) of the

---

[1](...continued)
Memo. 1993-213, vacated and remanded 41 F.3d 103 (3d Cir. 1994), and T.C. Memo. 1996-137. In those opinions, we decided whether, for 1975, 1976, and 1977, petitioners failed to report substantial amounts of income and whether they were liable for the addition to tax for fraud.

Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

### A.  Petitioners

Leon Spear (the decedent) and Jeannette Spear (Mrs. Spear) lived in Philadelphia, Pennsylvania, when they filed their petition.  They operated parking lot businesses from 1956 through the years in issue and dealt extensively in cash.

The decedent and Mrs. Spear kept cash in safe deposit boxes and entered their safe deposit boxes many times from 1972 to 1977.  They destroyed the records of their cash receipts from their parking lot businesses, including daily settlement sheets, before respondent's audit.

### B.  Respondent's Investigations of the Decedent and Mrs. Spear

Respondent's agents interviewed the decedent and Mrs. Spear and sent document requests to them before respondent issued the notice of deficiency.  Respondent interviewed the decedent and Mrs. Spear's Federal income tax preparer and a bookkeeper for their corporations.  Respondent summoned third parties, reviewed public records, and examined the decedent and Mrs. Spear's bank accounts and financial statements.

On December 9, 1977, Revenue Agent Michael McGuckin (McGuckin) asked the decedent and Mrs. Spear how much cash they

had, whether they kept cash at home or at their business, and whether they carried a significant amount of cash. Mrs. Spear said they did not keep cash at home or at the business, and that they did not carry cash. In January 1978, McGuckin recommended that the decedent and Mrs. Spear be prosecuted for criminal fraud.

Special Agent Lawrence Trepple (Trepple) conducted a criminal investigation of the decedent and Mrs. Spear. He examined their tax returns, bank accounts, financial statements, and records that were filed at courthouses. He interviewed Adrienne Wolf, the decedent's and Mrs. Spear's bookkeeper. He reviewed the revenue agents' work and discussed matters with them. Trepple interviewed the decedent and Mrs. Spear on March 13, 1978.

Trepple found that: (1) The value of the decedent and Mrs. Spear's assets had increased substantially during the years in issue, (2) the decedent and Mrs. Spear destroyed their records of cash receipts, (3) the decedent and Mrs. Spear reported different amounts of income on their Philadelphia parking lot tax returns and Federal income tax returns, and (4) the decedent and Mrs. Spear used corporate funds for their personal benefit without reporting them as income. He did a net worth analysis and appropriately investigated leads for nontaxable sources of income. He learned that the decedent and Mrs. Spear's net worth

increased dramatically during the years in issue. He concluded that the decedent and Mrs. Spear skimmed cash from the parking lot businesses and used corporate funds for their personal benefit without reporting them as income.

Trepple attended the decedent's and Mrs. Spear's criminal trial in December 1982 and January 1983. During that trial, the decedent and Mrs. Spear claimed for the first time that the decedent's father, Abe Spear, had given the decedent $380,000 in cash in 1957. The decedent testified about his father's will, the will contest, and the fact that his father pawned family jewelry and borrowed money, including $1,000 from the decedent's sister, Sadie.

C.  Notice of Deficiency

Respondent issued the notice of deficiency in this case on December 23, 1986. On February 6, 1987, the decedent and Mrs. Spear filed a petition in this Court. Petitioners did not contest respondent's use of the net worth method or respondent's net worth computation, except they contended that they had more opening cash on hand than respondent allowed, and that payments to them from their closely held corporations were nontaxable loan repayments. Petitioners also disputed that they were liable for the addition to tax for fraud.

Discussion

A.    Motion for Administrative and Litigation Costs

Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable administrative and litigation costs.  Sec. 7430(a), (c).  To be entitled to an award, the taxpayer must:

1.    Exhaust administrative remedies.[2]  Sec. 7430(b)(1). Respondent concedes that petitioners meet this requirement.

2.    Substantially prevail with respect to the amount in controversy.  Sec. 7430(c)(4)(A)(ii)(I).  Respondent concedes that petitioners meet this requirement.

3.    Be an individual whose net worth did not exceed $2 million, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $7 million, when the petition was filed.  Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioners meet this requirement.

4.    Show that the position of the United States in the action was not substantially justified.  Sec. 7430(c)(4)(A)(i).

---

[2] This requirement does not apply to an award for reasonable administrative costs.  Sec. 7430(b)(1).

Respondent contends, and we hold, that petitioners do not meet this requirement.

5.    Establish that the amount of costs and attorney's fees claimed by the taxpayers is reasonable.  Sec. 7430(a), (c)(1) and (2).  Respondent contends that the amount of costs petitioners claim is not reasonable.  We need not decide this issue.

A taxpayer has the burden of proving that he or she meets each of these requirements before the Court may award administrative and litigation costs under section 7430.  Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990).

B.    Whether the Position of the United States Is Substantially Justified

A taxpayer must establish that the position of the United States in the litigation was not substantially justified to be entitled to an award for administrative and litigation costs. Sec. 7430(c)(4)(A)(i).

1.    Position of the United States

The position of the United States is the position taken by the Commissioner:  (a) In the judicial proceeding, and (b) in the administrative proceeding as of the earlier of:  (i) the date

the taxpayer receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency. Sec. 7430(c)(7). Respondent's position in the notice of deficiency and in the answer was that the decedent and Mrs. Spear had no cash hoard and were liable for the addition to tax for fraud. Thus, in this case, respondent's position in both the judicial and the administrative proceeding was the position taken in the notice of deficiency.

2.   Substantially Justified Standard

The substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989). That standard applies to motions for litigation costs under section 7430. Nicholson v. Commissioner, 60 F.3d 1020, 1025-1026 (3d Cir. 1995), revg. and remanding T.C. Memo. 1994-280. To be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact. Pierce v. Underwood, supra; Nicholson v. Commissioner, supra at 1026. For a position to be substantially justified, there must be "substantial evidence" to support it. Pierce v. Underwood,

supra at 564-565; Powers v. Commissioner, 100 T.C. 457, 473 (1993), affd. on this issue and revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995), remanded 51 F.3d 34 (5th Cir. 1995).

The fact that the Commissioner eventually loses or concedes the case does not in itself establish that a position is unreasonable. Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993). However, it is a factor to be considered. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471. The taxpayer need not show bad faith to establish that the Commissioner's position was not substantially justified for purposes of a motion for litigation costs under section 7430. Estate of Perry v. Commissioner, supra; Powers v. Commissioner, supra.

C. Whether Respondent Had a Basis in Fact for the Position in the Notice of Deficiency

1. Respondent's Investigation Before the Notice of Deficiency

Respondent investigated this case before issuing the notice of deficiency. Respondent's agents interviewed the decedent and Mrs. Spear and sent document requests to them. Respondent summoned third parties, reviewed public records, and examined the decedent and Mrs. Spear's bank accounts and financial statements.

As a result, respondent obtained information which provided a basis in fact for respondent's position in the notice of deficiency.

2. Respondent's Basis in Fact for the Determination

Petitioners contend that respondent had no basis in fact for the position that the decedent and Mrs. Spear had no cash on hand on January 1, 1975, and that petitioners were liable for the addition to tax for fraud. We disagree.

Respondent's basis in fact for determining that the decedent and Mrs. Spear had no cash on hand on January 1, 1975, was: (a) Mrs. Spear told respondent's agents that they did not have cash at home, at their business, or on their persons; (b) petitioners borrowed money to buy real estate; and (c) petitioners signed a financial statement attached to a mortgage application in which they stated that they had $2,800 in cash, which they used as a downpayment on the property and listed no other assets or cash balances. Respondent's basis in fact for concluding that Abe Spear did not give petitioners a cash gift was information indicating that he did not have the means to do so. For example, before issuing the notice of deficiency, respondent learned that Abe Spear pawned family jewelry and borrowed money, including $1,000 from his daughter Sadie.

Respondent's basis in fact for determining that the decedent and Mrs. Spear were liable for the addition to tax for fraud for 1975, 1976 and 1977 when the notice of deficiency was issued was: (a) During the years in issue, the decedent and Mrs. Spear had unexplained increases in net worth and inadequate records of their cash transactions; (b) the decedent and Mrs. Spear failed to supply complete information to their return preparer; (c) the decedent and Mrs. Spear deducted the rent for their son's apartment as a corporate expense; (d) the decedent and Mrs. Spear used corporate funds for their personal benefit and did not report them as income; (e) the decedent and Mrs. Spear dealt in cash and had the opportunity to skim it without reporting it; (f) the decedent and Mrs. Spear had an unlikely explanation about the source of a claimed cash hoard; and (g) the decedent and Mrs. Spear destroyed records of their cash receipts.

3.  Petitioners' Contentions

Petitioners contend that respondent's investigation was deficient.  For example, petitioners contend that respondent's agents should have asked the decedent and Mrs. Spear about the contents of the safe deposit boxes but only asked about cash in their home.  Petitioners also contend that the decedent and Mrs. Spear kept cash in their safe deposit boxes and that the position

that they had no cash on hand on January 1, 1975, was not warranted.

Petitioners' arguments miss the mark. The issue is not whether respondent's investigation of the case was flawless (although we have concluded that it was legally sufficient in all respects, Estate of Spear v. Commissioner, T.C. Memo. 1996-137, slip op. at 11-12), or whether petitioners had evidence supporting their position. Instead, the issue is whether respondent had a basis in fact for the position in the notice of deficiency. As stated above, we find that respondent did.

Petitioners contend that Thomas v. Commissioner, 232 F.2d 520, 523 (1st Cir. 1956) (Commissioner may not determine that there is no cash on hand at the beginning of a specified period merely because the taxpayer makes no affirmative showing to the contrary), revg. and remanding T.C. Memo. 1955-46, governs this case. We disagree. Section 7430 was not an issue in Thomas. As stated above, respondent had a basis in fact for determining that the decedent and Mrs. Spear had no cash on hand at the beginning of the net worth period.

Petitioners contend that respondent had no basis in fact for the determination because Trepple testified that the decedent and Mrs. Spear had a very good paper trail. We disagree. They

did not have adequate records of their cash transactions. Trepple's testimony related to money the decedent and Mrs. Spear withdrew from their corporations and is not in context here.

Petitioners contend that the source of the decedent and Mrs. Spear's cash hoard is irrelevant to whether respondent had a basis in fact to determine that the decedent and Mrs. Spear had no cash on hand. Even if the decedent and Mrs. Spear's contentions were true, it does not change our conclusion that respondent had a basis in fact for the determination about the amount of cash on hand.

4. Conclusion

We conclude that respondent's position in the notice of deficiency that the decedent and Mrs. Spear had no cash on hand at the beginning of the net worth period and that they were liable for the addition to tax for fraud for the years in issue had a basis in fact.

D. Whether Respondent Had a Basis in Law for the Position in the Notice of Deficiency

1. Basis in Law

Petitioners do not dispute that the legal authorities cited by respondent govern the issues in dispute. Both parties cite United States v. Massei, 355 U.S. 595 (1958), Holland v. United

States, 348 U.S. 121 (1954), and their progeny, as establishing the legal standard for the net worth method, and both parties make the same legal analysis of fraud and the badges of fraud under section 6653(b) and the decided cases. The parties dispute how those standards apply to the facts in this case.

2. Whether Respondent Had a Basis in Law for Determining That the Decedent and Mrs. Spear Had No Cash on Hand on January 1, 1975

Petitioners contend that respondent had no basis in law for determining that the decedent and Mrs. Spear had no cash on hand on January 1, 1975, because respondent improperly used the net worth method. We disagree.

Respondent's basis in law is clear. The Commissioner may use the net worth method to compute a taxpayer's income if the taxpayer has inadequate records. Paschal v. Commissioner, 76 AFTR 2d 95-7975, at 95-7977, 96-1 USTC par. 50,013, at 83,047 (3d Cir. 1995), affg. without published opinion T.C. Memo. 1994-380; sec. 1.446-1(b), Income Tax Regs.; e.g., Holland v. United States, supra at 130-132. Petitioners do not dispute that this is the applicable legal standard.

Under the net worth method, a taxpayer's income is equal to the increase in net worth during the taxable year, plus nondeductible disbursements, minus nontaxable receipts. Holland

v. United States, supra at 125, 137; Estate of Mazzoni v. Commissioner, 451 F.2d 197, 199 (3d Cir. 1971), affg. Mazzoni v. Commissioner, T.C. Memo. 1970-37, supplemented by Estate of Mazzoni v. Commissioner, T.C. Memo. 1970-144.  To use the net worth method, the Commissioner must meet three requirements:

> first, the Commissioner must reliably establish a net worth for taxpayer as of the beginning of the period under review; second, investigation is required of the taxpayer's explanation for his net worth increases, if such "leads" are "reasonably susceptible of being checked;" finally, the government must suggest a "likely source" of the unreported income.

Estate of Mazzoni v. Commissioner, supra at 200 (citation and fn. ref. omitted).  Petitioners do not dispute that this is the applicable legal standard.

3.  Whether Respondent Had a Basis in Law for Determining That Petitioners Are Liable for the Addition to Tax for Fraud

Respondent's basis in law for determining that petitioners were liable for the addition to tax for fraud is section 6653(b) and the many cases which apply it.  The parties do not dispute what legal standards apply under section 6653(b).  We conclude that respondent had a basis in law to determine that petitioners were liable for the addition to tax for fraud.

E.    Conclusion

We conclude that respondent's position in the notice of deficiency had a reasonable basis in both law and fact.  Thus, we hold that respondent's position was substantially justified and that petitioners are not entitled to an award for administrative and litigation costs under section 7430.  Petitioners' motion for administrative and litigation costs will be denied.

To reflect the foregoing,

An appropriate order will be issued denying petitioners' motion for an award of administrative and litigation costs.