Kathy FAVRET

v.

UNITED STATES of America

No. CIV.A. 03–2322.

United States District Court,
E.D. Louisiana.

Sept. 3, 2004.

See also 2003 WL 22888792.

Paul H. Waldman, Waldman Law Corporation, Metairie, LA, for Plaintiff.

Candice M. Turner, U. S. Department of Justice, Washington, DC, for Defendant.

### *ORDER AND REASONS*

VANCE, District Judge.

Before the Court is plaintiff Kathy Favret's motion for costs and certain fees under 26 U.S.C. § 7430. Also before the Court is defendant United States of America's opposition to plaintiff's motion. For the following reasons, the Court DENIES the motion.

## I. Background and Procedural History

In 1991, taxpayer Kathy Favret and her then-husband Gregory Favret filed a joint tax return. In December 1995, the Internal Revenue Service assessed income tax liability, interest, and penalties against the

Favrets for the 1991 tax year in the amounts of $13,301, $4,538.49, and $3,326, respectively. Because section 6013 of the Internal Revenue Service Code imposes joint and several liability on spouses who file joint returns, Kathy Favret was liable for the amounts assessed against both her and her husband. *See* 26 U.S.C. § 6013(d)(3) ("if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several"), *amended by* Pub.L. No. 108–121, 117 Stat. 1335.

In 1998, Congress enacted the IRS Restructuring and Reform Act of 1998. Pub.L. No. 105–206, 112 Stat. 685. This Act enacted section 6015 of the IRC, which provides relief from the joint and several liability imposed by section 6013. *See* 26 U.S.C. § 6015. Section 6015 provides that under certain circumstances, a spouse may seek relief from joint and several liability for tax liabilities arising or remaining unpaid after the effective date of the Act, July 22, 1998. *See* 26 U.S.C. § 6015.

On February 6, 2001, the IRS granted Kathy Favret relief under section 6015(f) for 1991 taxes owed on the joint return that she filed with her then-husband. The IRS informed Favret of her limited right to a refund: "If you paid the liability and you owe no other taxes, we will send you a refund to the extent allowed by law for . . . [p]ayments you made (if any) between July 22, 1998 and April 15, 1999." (Def.'s Mem. Supp. Mot. Dismiss, at 2). Revenue Procedure 2000–15 clarifies that the innocent spouse may claim a refund for payments made "*on or after* July 22, 1998, and *on or before* April 15, 1999." *INNOCENT SPOUSE; EQUITABLE RELIEF*, 2000 WL 42026, Rev. Proc.2000–15, 2000–5 (2000) I.R.B. 447, *superseded by* Revenue Procedure, 2003 WL 21708514, Rev. Proc. 2003–61, 2003–32 (2003) I.R.B. 296 (emphasis added).

Favret filed her 1998 tax return before April 15, 1999. The IRS determined that she was entitled to $1020 in withheld taxes and a $3,447 earned income credit for the 1998 tax year. The IRS applied the total amount of her 1998 credits, $4,467, to her then-outstanding tax liability for the 1991 tax year. The IRS processed Favret's tax return on May 3, 1999.

Favret then filed a claim as an innocent spouse for a refund of the $4,467, arguing that the credits were a payment of the 1991 liability made on or before April 15, 1999. In November 2002, the IRS denied Favret's claim. The IRS determined that the credits were not a payment occurring between July 22, 1998 and April 15, 1999, but rather that Favret "paid" the credited amount on May 3, 1999, the date the IRS processed Favret's 1998 return. Favret then sued the IRS in this Court. The IRS filed a motion to dismiss for failure to state a claim under Rule 12(b)(6).

The Court denied the IRS's motion to dismiss on December 5, 2003. The Court agreed with the IRS that under 26 U.S.C. § 7422(d), Favret's overpayments were "paid" as credits as of the date the Secretary allowed them. Order on Mot. to Dismiss at 6. The Court also found that under section 6407, the date on which the IRS first authorizes the scheduling of an over-assessment is the date of allowance of the credit. *Id.* But the Court denied the IRS's motion to dismiss because the records of Favret's account, print-outs from the IRS, showed that the IRS may have authorized the credit on April 15, 1999, rather than on May 3, 1999, as the IRS asserted. *Id.* at 7.

After receiving the Court's order, the parties discussed settlement. The IRS conceded the issue in a letter dated April 15, 2004, and it delivered a refund check to Favret for the overpayment of $4,467.00 plus statutory interest. The parties en-

tered a stipulation to dismiss the case with prejudice, which the Court entered on June 25, 2004.

Favret now files a motion for costs and certain fees. Favret argues that she is the prevailing party under 26 U.S.C. § 7430 because the IRS conceded the issue of her entitlement to a refund and paid her the refund. She also argues that the IRS's position in the case cannot be substantially justified when its own records show that the payment was credited on April 15, 1999. Finally, Favret argues that the IRS's position was not substantially justified because it results in unequal treatment for similarly situated taxpayers depending on when their credits are authorized by the IRS. The IRS argues that Favret's original motion is defective because it does not meet the requirements for a fee application. The IRS also argues that its position was substantially justified and thus Favret cannot qualify as a prevailing party to recover her costs and fees.

## II. LEGAL STANDARD

Under 26 U.S.C. § 7430, a "prevailing party" in a court proceeding "brought in connection with the determination, collection, or refund of any tax, interest, or penalty" may receive an award for reasonable litigation costs, including attorney's fees. 26 U.S.C. § 7430(a). A "prevailing party" is one who has "substantially prevailed" on either "the amount in controversy" or "the most significant issue or set of issues presented," and who has filed a proper application for costs and fees under 28 U.S.C. § 2412(d)(1)(B). 26 U.S.C. § 7430(c)(4)(A). A litigant is not a "prevailing party" if "the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). The litigant must have exhausted available

administrative remedies to be eligible for an award of litigation costs.[1] 26 U.S.C. § 7430(b)(1). In addition, the litigant must have had a net worth of less than $2,000,000 at the time the action was filed.

## III. LAW AND ARGUMENT

The IRS asserts that Favret's motion is defective because it fails to satisfy the requirements of 28 U.S.C. § 2412(d)(1). Section 2412(d)(1)

> sets a deadline of 30 days after final judgment for the filing of a fee application and directs that the application include: (1) a showing that the applicant is a 'prevailing party'; (2) a showing that the applicant is 'eligible to receive an award'; and (3) a statement of 'the amount sought, including an itemized statement from any attorney stating the actual time ... expended and the rate' charged.

*Scarborough v. Principi*, —— U.S. ——, ——, 124 S.Ct. 1856, 1857, —— L.Ed.2d ——, —— (2004). The IRS asserts that Favret failed to show she was eligible to receive an award (*i.e.*, had less than $2,000,000 in net worth at the time the action was filed), and failed to provide a statement of the amount of time that counsel spent on the case and the amount of fees that counsel earned. Def.'s Resp. to Pl.'s Mot. for Costs and Certain Fees at 2.

Since the IRS filed its Response, Favret has supplemented the memorandum in support of her motion. Pl.'s Supplement to Mem. of Points and Authorities in Supp. of Pl.'s Mot. for Costs and Certain Fees. The supplement satisfies the requirements of 28 U.S.C. § 2412(d)(1). It was filed within 30 days of the entry of final judgment, it includes a showing that Favret meets the requirement that the applicant

---

1. The IRS does not dispute that Favret exhausted her administrative remedies in this case. Def.'s Resp. to Pl.'s Mot for Costs and Certain Fees at 5.

have a net worth of less than $2,000,000, and it includes a statement of the amount sought, together with an itemized account of time expended by counsel and the rates charged. *Id.* Thus, Favret's application is not defective.

The remaining issue is whether Favret meets the definition of a "prevailing party." Favret must have "substantially prevailed" with respect to the amount in controversy or the most significant issue or set of issues presented. 26 U.S.C. § 7430(c)(4)(A). In *Estate of Johnson v. Commissioner*, 985 F.2d 1315, 1318 (5th Cir.1993), the court held that when a settlement required the taxpayer to pay only ten percent of the original amount owed, she had substantially prevailed. Here, the IRS conceded the issue and paid Favret the entire amount of the refund that she claimed. In addition, the IRS does not dispute that Favret substantially prevailed with respect to the amount in controversy.

 Even though Favret has substantially prevailed, she will not be treated as a prevailing party if the IRS's position in the case was "substantially justified." The IRS argues that its position was substantially justified and cites authority that places the burden of proving a lack of substantial justification on the taxpayer. *Heasley v. Comm'r*, 967 F.2d 116, 120 (5th Cir.1992); *Smith v. United States*, 850 F.2d 242, 245 (5th Cir.1988); *Huckaby v. Dep't of the Treasury*, 804 F.2d 297, 298–99 (5th Cir.1986). Those cases, however, refer to an older version of the statute, and Congress amended the statute in 1996 to place the burden of establishing the justification on the IRS. 26 U.S.C. § 7430(c)(4)(B)(i) ("A party shall not be treated as the prevailing party in a proceeding ... if the *United States establishes* that the position of the United States in the proceeding was substantially justified") (emphasis added). The Fifth Circuit has recognized that the new statu-

tory language places the burden of justification on the IRS. *St. David's Health Care Sys. v. United States*, 349 F.3d 232, 234 (5th Cir.2003). Thus, the burden is on the United States to prove that its position was substantially justified.

 A position is substantially justified if it is " 'justified to a degree that could satisfy a reasonable person. That is no different from [a] reasonable basis both in law and fact formulation.' " *Terrell v. Comm'r*, 343 F.3d 478, 482 (5th Cir.2003) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). Because section 7430 is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor. *See Texas Food Indus. Assoc. v. Dep't of Agric.*, 81 F.3d 578, 580 (5th Cir. 1996). In this case, the IRS has met its burden to show that its position was substantially justified.

 The IRS first correctly points out that a settlement agreement that is unfavorable to the government does not compel the conclusion that its position was not substantially justified. *Estate of Johnson*, 985 F.2d at 1318–19. "The unfavorable terms of a settlement agreement, without inquiry into the reasons for settlement, cannot conclusively establish the weakness of the Government's position." *Pierce*, 487 U.S. at 568, 108 S.Ct. 2541. Here, the IRS contends that it conceded the refund issue, not because it determined that its legal position was incorrect, but because the case involved only a small dollar amount, and it would have been administratively burdensome for it to prove its assertion about the date the credit was authorized. Def.'s Resp. to Pl.'s Mot. for Costs and Certain Fees at 4. Considering the specific reasons for the settlement and the general policy of encouraging useful settlements, *see Pierce*, 487 U.S. at 568, 108 S.Ct. 2541, the IRS's concession does not have signifi-

cant weight in the Court's determination of whether the IRS's position was substantially justified.

 The IRS next argues that its position was substantially justified because it had a reasonable basis in both law and fact. The IRS correctly points out that the Court agreed with its position that the date on which the IRS first authorizes the scheduling of an overassessment is the date of allowance of the credit. Thus, the IRS has shown that its position had a reasonable basis in law.

The IRS also argues that its position had a reasonable basis in fact because it would have presented evidence that the credit of the overpayment was made on May 3, and not on April 15 as one of its records suggested. This factual dispute, in a case which proceeded no further than a preliminary motion to dismiss, does not negate the government's assertion that its position was substantially justified. *See Kaffenberger v. United States,* 314 F.3d 944, 960 (8th Cir.2003) ("Similarly, fact disputes that preclude summary judgment do not establish that the moving party's position is not substantially justified."). The Court denied the government's motion to dismiss because an IRS printout contained unexplained information that was arguably inconsistent with the government's position about when it credited plaintiff's overpayment. The Court also recognized the possibility that the IRS could produce evidence that the credit was actually authorized on the date it contended. Order on Mot. to Dismiss at 8. The position of the IRS was not unreasonable on the facts.

Favret argues that the IRS's position is not substantially justified because it will result in unequal treatment of similarly situated taxpayers. This argument does not alter the Court's conclusion because the IRS had a rational basis for its position that was authorized by the language of statutes and regulations. In the cases in which courts have found the government's position lacking, the government's arguments "either rang hollow or were specious or defied its own regulations," *Huckaby,* 804 F.2d at 299, or factors were present that are missing here, such as a refusal to follow express statutory language. *Hanson v. Commissioner of Internal Revenue,* 975 F.2d 1150, 1155 (5th Cir.1992); *Perry v. Commissioner of Internal Revenue,* 931 F.2d 1044, 1046 (5th Cir.1991). Here, in contrast, the government's arguments in its motion to dismiss were based on authority that the Court recognized as applicable. There is no reason to conclude that the IRS lacked a rational basis or substantial justification for its position.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the plaintiff's motion for costs and certain fees.